### Caleb Seaman v. Daniel Bailey.

THIS case, which came before the court on a writ of error to the common pleas of *Orange* county, was, like the former, a question of costs. The plaintiff, who was the plaintiff below, had recovered twenty-five dollars, in the inferior court, and the judges there had ordered costs to the defendant.

*Per Curiam*, delivered by LIVINGSTON, J.   The plaintiff below, who is also plaintiff here, had his damages assessed by a jury of inquiry, over and above his costs and charges, to twenty-five dollars, and for those costs and charges to six cents.   On this inquisition, the court of common pleas rendered judgment, that " the plaintiff recover against the defendant, his " damages aforesaid, by the said inquisition above " found, being twenty-five dollars and six cents ; and " further, that the plaintiff pay to the defendant eleven " dollars and nine cents for his costs."

This judgment the plaintiff insists on is erroneous, inasmuch as it awards costs to the defendant, when he ought to have paid costs to the plaintiff.   For the reasons assigned in the preceding case of *Van Horne* **v.** *Petrie and others*, we think the judgment below was right.   The fifth section of " the act to reduce certain "laws concerning costs into one statute," 1 *Rev. Laws*, 530. enacts, that if in any action of the nature of the present, brought in any court of common pleas " the " plaintiff shall not recover above the sum of twenty- " five dollars, he shall not recover any costs, but shall " pay costs to the defendant."   In our opinion, the plaintiff did not, within the meaning of this section, recover more than twenty-five dollars, notwithstanding, the jury gave him six cents costs, nor does the manner of rendering judgment, which is, in fact, only for the damages assessed by the jury,  make any difference, although the attorney, in making up the record, has in a parenthesis, and in a way not very usual, stated these damages (very incorrectly by the bye) to amount to twenty-five dollars and six cents. As, in the case just determined, we take no notice of

the costs found by the jury, but consider the sum assessed *as damages*, as the *recovery* intended by the law, the judgment below must, therefore, be affirmed.