L. & C. GODFRY *against* VANCOTT.

IN ERROR, to the court of common pleas of the county of *Sullivan.*

The plaintiffs in error brought an action of debt in the court below against the defendant in error, on an arbitration bond for the penal sum of 500 dollars, conditioned to abide by, and perform, the award of the arbitrators named therein ; and assigned two several breaches. The defendant pleaded *non est factum.* At the trial, the jury found a verdict on the issue, for the plaintiff, and assessed damages at six cents ; and, on the first breach assigned, the jury assessed the damages at 12 dollars and 94 cents, and, on the second breach, at six cents ; the damages, in all, amounting to 13 dollars and 6 cents. Judgment was entered up in form for the plaintiff, for the penalty of the bond. The defendant objected, that the damages recovered being less than 25 dollars, the plaintiff could not recover costs, but was bound to pay costs to the defendant ; and the plaintiffs insisted, that having recovered a judgment for 500 dollars of debt, they were entitled to full costs. But the court below decided that the plaintiffs were not entitled to costs, but must pay the defendant his costs, which should be set off against, and deducted from, the amount of the damages assessed by the jury. To this opinion of the court, the plaintiffs tendered a bill of exceptions, on which the writ of error was brought.

The cause, on the return of the writ of error and bill of exceptions, was submitted to the court without argument.

*Per Curiam.* This case comes before the court on a writ of error to the common pleas of *Sullivan* county ; and the only question presented for decision is, whether the plaintiff below was entitled to recover his costs, or was bound to pay costs to the defendant. The action was debt on the penalty of 500 dollars, in a bond, with a condition to abide by and perform the award of arbitrators. The damages assessed by the jury, under the breaches assigned, were under 25 dollars : the judgment, however, was entered for the penalty, and the court below decided that the plaintiffs were not entitled to recover costs of the

*Marginalia:* In an action of debt on a bond, for the penal sum of 500 dollars, conditioned to abide the award of arbitrators, judgment in form being entered up for the plaintiff for the penalty, though the jury assessed the damages to *thirteen* dollars only, the plaintiff was held entitled to recover his full costs.

defendant. This was incorrect. The plaintiffs were entitled to recover costs; the judgment being upon the penalty. The damages assessed, together with the costs, regulates the amount to be recovered on the execution; but the judgment being in form, upon the penalty, the costs follow of course. The judgment is the test by which the right to costs is determined: this has been the long and well-settled rule of construction given to the statute relative to costs. (2 *Johns. Cas.* 206. 2 *Caines*, 107. 10 *Johns. Rep.* 219.) The judgment of the court below must, accordingly, be reversed.

Judgment reversed.