### ALENDORF *against* STICKLE.

*The judgment, on a report of referees upon bond conditioned to pay money and perform covenants, though reduced by set off to $13, should be for the penalty, as a security for further breaches; and the plaintiff shall have costs, according to the amount of the penalty. Otherwise, where the condition is for the payment of money only.*

DEBT, on the penalty of a bond for $3000, conditioned for the payment of $1500, and the performance of other acts; with a partial assignment of breaches. Plea, *non est factum*, with notice of set off, of accounts. The cause being referred, the referees reported a balance of only 13 dollars due to the plaintiff, who filed the report, and entered a rule for judgment, upon the penalty.

*J. W. Wheeler*, in behalf of the defendants, now moved for costs, to be set off against the plaintiff's recovery; and that the judgment be corrected according to the statute, (1 R. L. 515, 516, s. 1.)

*H. B. Davis*, contra. The plaintiff is entitled to judgment for the penalty, as a security for further breaches. (1 R. L. 518, s. 7. *Hodges* v. *Suffelt*, 2 John. Cas. 406. *Pearson* v. *Bailey*, 10 John. 219.) Had the sum been found by verdict, there would have been no doubt of this. Does finding the same sum, upon reference, alter the case? Here is a discount, by set off, from $1500 to $13. The claim exceeded $400, within the statute, (L. N. Y. sess. 41, ch. 79, s. 1.)

*Wheeler*, in reply. The plaintiff does not take his judgment for the penalty, but for the balance found. (1 R. L. 516.) The provisions referred to, in the 50 dollar act, relate to *accounts* not *bonds*.

*Curia.* The plaintiff must take costs according to his judgment, which is for the penalty. *Godfrey* v. *Vancott*, 13 John. 345.) It is peculiarly proper, in this case, that it

should be so, for the bond is conditioned, among other things, to perform covenants ; and the judgment ought to stand as security for further breaches.   It would have been otherwise, had it been merely for the payment of money. (*Van Antwerp* v. *Ingersoll*, 2 Caines' Rep. 107.   1 R. L. 515, 516.)