that in favor of Smith, and Moot became the purchaser at this sale.  After satisfying the execution on which this sale was made, several hundred dollars of the sum bid by Moot remain in the sheriff's hands, and Moot now asks to have this surplus paid to him towards satisfying the certificate he holds, or the judgment in favor of Smith upon which the land was first sold.  This can not be done : the Smith judgment was extinguished by a sale of Forbes' interest in the land, and there is no principle upon which a cent of this money can now be applied on it.  Moot chose to purchase of Smith, what Smith took in satisfaction of his judgment, and he is entitled to all the right thus acquired.  What it may amount to, the court can not say; but be it more or less, it lays no foundation for such an application as this.  The statute authorizing lands to be redeemed from sale on execution, has no application to this question.

The motion must be denied with costs.  Rule accordingly.

---

THE TROY CITY BANK vs. GURDON GRANT et. al.

Where a verdict for plaintiffs for less than $250 was stayed on a bill of exceptions by the defendants until the interest carried the amount over $250 at the final determination of the suit in favor of plaintiffs, and the taxing officer allowed full supreme court costs for attorney and counsel fees under the act of 1840; a retaxation was ordered and one third of the amount directed to be deducted.  Interest is no part of the recovery for damages ; it must be taxed as costs, when allowed after verdict.

*Motion by defendants for retaxation of costs.*—This was an action of assumpsit.  The cause was tried in November, 1843, and a verdict rendered for plaintiff for $233·60.  The defendants stayed plaintiffs' proceedings and made a bill of exceptions, which was argued at the last October term, and at the last January term was decided against the defendants. The plaintiffs then made out their costs and procured the same to be taxed.  At the time of the taxation, the plaintiffs demand for which the verdict was rendered *with interest* exceeded two hundred and fifty dollars; and the taxing officer allowed full supreme court costs for attorney and counsel fees.  Defendants now move for retaxation on the ground that full supreme court costs should not have been allowed.

J. D. WILLARD, *Defts Counsel.*

WILLARD, RAYMOND & WOODBURY, *Defts Atty.*

N. HILL, jr., *Plffs Counsel.*

DAVID BUEL, jr., *Plffs Atty.*

BRONSON, Chief Justice.—One third the amount of attorney and coun-

sel fees as taxed must be deducted.   We have always held that the " recovery" within the meaning of the act regulating costs, is the recovery for damages.   If the plaintiff gets interest on his verdict, it is by taxation as costs.   The verdict must govern, nnd the circumstance that proceedings have been stayed by case or bill of exceptions makes no difference.

Rule, deducting one-third attorney and counsel fee.

---

GEORGE G. WILDER AND BENJAMIN SNOW JR. vs. BENJAMIN WHEELER
Principles upon retaxation of costs.

*Motion by plaintiffs for retaxation of costs.*—This cause, and another against the same defendant, were noticed for hearing the same day, before referees, both involving the same question ; witnesses were sworn in the other cause, in which plaintiffs obtained a judgment for damages and costs.   It was afterwards agreed that the same testimony should be used in this cause.   It appeared that the witnesses were subpœnaed in this cause also.   Plaintiffs recovered less than $50.

E. PEARSON, *Plff's Counsel.*        PEARSON & CHURCH, *Plff's Attys.*
C. D. SHELDON, *Def'ts Counsel.*      C. D. SHELDON, *Def'ts Atty.*

BRONSON, Chief Justice.—Notice on order for bill of particulars—affidavit to procure absolute order for bill of particulars—proof of service of subpœna—proof of service of notice to produce books and papers, and docketing transcripts, are not taxable items, and must be stricken out.

The witnesses fees are taxable in this cause, although sworn in the other and not in this.   Affidavit for retaxation, as to items not provided for in the fee bill, need only show that such items were objected to before the taxing officer.   As to the other items, it should state the grounds of the objections to such items.

---

JAMES D. STEVENS vs. JESSE THOMPSON.

A defendant will be let in to plead and defend, after default and judgment, having merits which he asserts he wishes and intends to interpose; where he has evidently been misled by plaintiff in taking his default, although unintentionally.

*Motion by defendant Thompson to set aside default and subsequent proceedings.*—This was a proceeding for the determination of a claim to real