## SUPREME COURT.

### HOE and others agt. SANBORN.

Where, in an action for the recovery of money, the plaintiff enters judgment against the defendant for the amount (over $50) which the defendant offered that plaintiff might take judgment, and the parties go to trial for the balance of the plaintiff's claim, and the verdict of the jury is for the plaintiff, but for a sum less than $50, the plaintiff is nevertheless entitled to *costs*.

Because, the *judgment roll*, (and there should be but one,) if properly made up, containing the whole history of the case, including the verdict of the jury, shows that the plaintiff recovered over $50, and an amount *greater* than the sum mentioned in the offer of judgment served by the defendant.

*Saratoga Special Term, August*, 1862.

MOTION to correct a judgment roll. Also separate motion to strike from the entry of judgment, plaintiffs' costs, and that defendant be allowed to recover his costs by a proper entry in the roll.

U. G. PARIS, *attorney for plaintiffs.*
L. H. NORTHUP, *attorney for defendant.*

BOCKES, Justice. These motions were heard together, and, on the merits, depend on the same question. They will therefore be considered as one motion.

The facts of the case are these : The plaintiffs brought their action on a promissory note for $467.88, made by the defendant, August 17, 1855, payable five months from date. The defendant answered, denying the indebtedness on the note, and alleging that the note was given on a sale of saws, as to which there was a warranty ; and he averred a breach of the warranty, and damages which he claimed to have allowed to him in satisfaction or reduction of the claim. The plaintiffs replied, denying the material allegations of the answer. Thereupon the defendant served plaintiffs' attorney with a notice, offering to allow plaintiffs to take judgment against him in the action for $317. 88, with interest from January 20th, 1856, and costs and

notaries' fees. This notice bears date May 14, 1856, and was probably served about that time. The offer was not accepted. The cause was moved for trial at the January circuit, 1859, when, the defendant having moved to postpone the trial, an order was made and entered, that the cause go over the circuit, on condition that the defendant pay to the plaintiffs the costs of the circuit, and stipulate to allow the plaintiffs to enter judgment for the amount due by the terms of the note, less $150, and interest on that sum since the maturity of the note, without costs—the cause to proceed as to the last mentioned amount and all other matters in controversy in the action. Thereupon the defendant gave the stipulation—stipulating and agreeing that the plaintiffs might enter judgment pursuant to the provisions of the order. On this order and stipulation the plaintiffs entered a judgment, or an order in the nature of a judgment, by which, after reciting that the action was noticed for trial at the January circuit, 1859, the motion to postpone, and the order thereon, " it was ordered, adjudged and decreed, that the said plaintiffs do recover of the said defendant, Jesse K. Sanborn, the sum of· three hundred and eighty-six dollars and eighteen cents, and that he have execution therefor." This order or judgment was entered January 31, 1859. The sum thus recovered was the sum specified in the defendant's offer of judgment, less the notaries' fees and costs, and was paid and satisfied by the defendant in 1859.

The cause again came on for trial at the May circuit, 1862, and was tried by jury, which rendered a verdict in favor of the plaintiffs for $10.84. For this sum, with costs of the action to the plaintiffs, in all $826.16, judgment was entered June 2d, 1862.

[Other proceedings were had in the action, which, however, are of no importance on this motion.]

The principal, if not the only, question to be determined here is, whether the plaintiffs are entitled to recover the

costs of the action. It is conceded, too, that if they are not entitled to recover costs, the defendant is entitled to recover his costs of the action. The Code provides that costs shall be allowed of course to the defendant, (in actions like this,) unless the plaintiff be entitled to costs therein, (§ 305.) Are, then, the plaintiffs entitled to costs in this action?

Section 304 declares that costs shall be allowed of course to the plaintiff upon a recovery in the cases therein specified, among which is the following : " *In an action for the recovery of money, where the plaintiff shall recover fifty dollars or more.*" The plaintiffs have recovered in the action, and it is in an action for the recovery of money. Have they also recovered fifty dollars or more ?

When this subject was first opened to me, it struck me that the recovery was only for the amount of the verdict, $10.84. It seemed to me that the case should be considered the same as if it had come down to the circuit for trial on all the issues, and that on trial it was found and determined that the plaintiffs were entitled to recover only $10.84 in the action. But on more deliberate consideration, and after examining the record, I am satisfied that the case stands before me in a very different aspect. The question is, how much have the plaintiffs recovered in the action ? The answer is furnished by the record—the judgment roll. They recovered $350 and interest from the maturity of the note, under the order and stipulation of January 25th, 1859, and also $10.84 by the verdict of the jury. There was a judgment for $350 and interest. The stipulation was to the effect that the plaintiffs might enter judgment for that amount, and judgment was entered pursuant to it. It was a *recovery* in the action under an adjudication by the court. The record therefore shows conclusively these three facts : 1st. That the plaintiffs recovered in the action. 2d. That the action was for the recovery of money. 3d. That the plaintiffs recovered over fifty

Hoe agt. Sanborn.

dollars. It follows, therefore, that the plaintiffs are entitled to costs pursuant to section 304.

But it is insisted that the judgment roll is improperly made up, and that when corrected, as it is claimed it should be, under one of the motions now before me, it will show a recovery of only $10.84 in plaintiffs' favor.

The Code (§ 279) requires the clerk to keep a book for the entry of judgments, to be called the "judgment book," and (§ 280) that judgments be entered therein; also (§ 281) that the clerk, unless the roll be furnished, attach together and file certain papers, which shall constitute the judgment roll. In a litigated case the roll is made up of the summons, pleadings, verdict or report, the offer of the defendant, if any, the exceptions, case, and all orders and papers in any way involving the merits and necessarily affecting the judgment, with a copy of the judgment, (sub. 2, § 281.) In this case the roll is made up in strict conformity with the requirements of this section, with the exception that the verdict of the jury is omitted. The important objection to the record is this : that the verdict of the jury and the judgment thereon should form part of another or distinct record from that which evidences and directs the recovery of the other sum of $350, and interest. And it is urged that the record for the recovery of the $350 and interest, was and is perfect and complete without the addition of the entry of judgment for the $10.84 and costs. The effect of the argument is, that there should be two separate and distinct records or rolls, one of which would be evidence, and direct the recovery of the $350 and interest; the other of the $10.84, in which latter case, and on that record, the defendant would be entitled to costs, for the reason that it would then appear of record that the plaintiffs recovered less than fifty dollars.

There can be, however, but one roll, which should contain or state every thing necessary to a perfect history of the action from its commencemeent to its conclusion, begin-

ning with the summons and ending with the entry of final judgment. The roll becomes the evidence of the proceedings and judgment, and should disclose every step in the action in consecutive order. It is suggested that a roll can properly contain only one judgment; but it is often the case, under the present practice, that it contains several. Often judgments are interlocutory, being but a partial adjudication of the matters in difference between the parties. So, too, when the answer admits part of the plaintiff's claim, the court will order such part satisfied, which order should go into the record. It is in effect a judgment. It operates as a judgment and is enforced as a judgment. By force of the adjudication the plaintiff recovers the sum directed to be paid. I can discover no substantial ground of objection to the record. It is informal in not containing the verdict of the jury; but it seems the omission was through inadvertence, and, as the plaintiffs' attorney swears, it was agreed at the time of the re-adjustment of the costs, that the clerk might make the correction, which he promised to do. This omission was not of the substance of the motion, I apprehend.

Perhaps the recitals in the judgment, entered June 2, 1862, were not, all of them, necessary, but they do no harm, and are not, as I conceive, entirely inappropriate.

So, if we look to the record for the purpose of determining the amount recovered in the action, we find it to appear that the plaintiffs recovered over fifty dollars. The defendant cannot claim costs on the ground that he served an offer to allow the plaintiff to take judgment for the amount of the note, less $150, for the reason that they recovered in the action an amount greater than the sum specified in the order.

I have therefore arrived at the following conclusions : 1st. That the judgment roll is in substance regularly and formally made up, except the omission of the verdict. 2d. That it conclusively appears from the roll that the plain-

tiffs recovered over fifty dollars, and an amount greater than the sum mentioned in the offer of judgment served by the defendant.

It follows that the motions must be denied, except the clerk will be directed to affix the verdict to the roll.

The motions having been heard together, I will allow only ten dollars costs. Perhaps, too, the fact ought to be considered that the defendant succeeds in part on one motion; although, I presume, no motion would have been made, nor does it seem any way necessary, merely to correct the record by affixing the verdict of the jury. As the order will be drawn, it will be the same in effect as if no costs were allowed to either party on one motion, and ten dollars allowed to the plaintiffs on the other.