RICHARD M. HOE AND OTHERS, RESPONDENTS, v. JESSE
SANBORN, APPELLANT.

*Appeal—Taxation of Costs—Mandamus—Correction of Case.*

An order of the General Term affirming an order of the Special Term deny-
ing a motion to re-tax costs and to correct the judgment roll, is not the subject
of·appeal to this Court.

Nor is an order of the General Term dismissing· an appeal from an order of
the Special Term refusing a mandamus, appealable.

Nor is an order dismissing an appeal from an order of Special Term denying
motion to correct case, appealable to this Court.

PARKER, J.—The Appellant in his notice of appeal states that
he appeals from the judgment in the action, and from three
several orders of the Supreme Court, which he specifies. The
Respondent, at the last September Term of the Court, moved to
dismiss the appeals from the orders, when the Court directed the
motion and the appeal to be heard together.

The orders thus appealed from are :

*First.* An order affirming an order of the Special Term, denying
a motion for a retaxation of costs, and to correct the judgment
roll.

*Second.* An order dismissing an appeal from an order of Special
Term, refusing a mandamus.

*Third.* An order dismissing an appeal from an order of Special
Term, denying a motion to correct the case.

These orders, clearly, do not come within the class of orders
described by subdivision 2 of section 11 of the Code, for neither
of them, in effect, determines the action and prevents a judgment
from which an appeal might be taken. Nor does subdivision 3,
of that section, include them. That subdivision authorizes an
appeal from a final order affecting a substantial right made in a
special proceeding, or upon a summary application in an action after
judgment. None of these orders was a *final* order in the action.
They were all made pending the appeal to the General Term, from
the judgment entered upon the verdict. One of them is denomi-
nated, in the notice of appeal, an order dismissing an appeal from

an order *refusing a mandamus*, and is claimed to be an order in a mandamus case. That is manifestly a mistake, as all the papers relating to that motion, which are entitled at all, are entitled in this action. This is true of the order to show cause, of the order denying the motion, of the notice of appeal from that order, and of the order of the General Term dismissing the appeal, which is the order here appealed from; and it is described in the notice of appeal to this Court, which is entitled in this action as the order made in this action at a General Term thereof, dismissing the appeal from the order of the Special Term refusing a mandamus.

This is the only occasion in which a mandamus is alluded to in the whole course of the proceedings in reference to that motion. The order to show cause makes no allusion to it, and there is nothing in the proceedings indicating that they have, in fact, any reference to a mandamus. It is impossible now to treat them, or the order in which they have resulted, otherwise than as a proceeding in the action.

None of the orders appealed from being final orders, are the subjects of an appeal to this Court, and the appeals therefore should be dismissed.

The first subdivision of the section authorizes this Court, upon an appeal from a judgment, to "review any immediate order involving the merits, or necessarily affecting the judgment." So that we are brought to the question whether these orders are reversable under that provision.

The first of these orders is the order in relation to the retaxation of costs, and the correction of the judgment roll. The appeal from the judgment, I think, brings up this order for review. The question involved is, which party is entitled to costs; and this being a matter of strict legal right, may well be held to involve the merits, as such questions have been treated in the Supreme Court (St. John *v.* West, 4 How. 329; Tallman *v.* Hinman, 10 How. 89). I have no doubt that the motion at General Term was decided correctly, and the order therein made properly affirmed. The Plaintiffs were entitled to costs. The

11

action is "for the recovery of money," and the Plaintiffs have in it recovered more than $50. It is true that the verdict of the jury was for but $10.84. But the action was upon a promissory note for $467.88. The Defendant admitted that the Plaintiffs were entitled to recover the whole amount of the note except $150 and interest; and as a condition of putting the cause over the Circuit, upon his motion, imposed by the Court, stipulated that the Plaintiffs might enter judgment for the amount so admitted, without costs, the cause to proceed as to the amount of $150, and all other matters in controversy in the action. Judgment was entered upon the stipulation, and subsequently the action was tried at the Circuit, upon the claim of the $150, and resulted in a verdict for $10.84. The Plaintiffs, in the judgment entered upon the verdict, recited the entry of the former judgment, and having had their costs of the action adjusted, inserted them also in the judgment. The Defendant insists that the judgment should be the ordinary judgment upon a verdict, omitting all reference to the former judgment, and that he is entitled to costs, and not the Plaintiffs.

The case is entirely within both the letter and the spirit of the statute, which gives costs to the Plaintiffs "in an action for the recovery of money, when the Plaintiff shall recover fifty dollars." This the Plaintiffs have done in this action. It is to be remembered that the Defendant had offered to the Plaintiffs judgment for the amount of the demand, less $150 and interest, which had been declined. At the time of the giving of the stipulation, the question of costs rested upon the reducing the recovery to the amount offered. If the Plaintiffs should recover any part of the $150, they would be entitled to full costs, and that question of costs constituted the " other matters in controversy " reserved in the stipulation from being affected by the judgment to be entered thereon.

In regard to the correction of the judgment, it follows that the order of the Special Term was right, so far as any question of substantial right is concerned, if the order as to costs was correct. As to any formal correction, whether it should have been made or not, was a question of practice, and not reviewable here.

The second order complained of, is the order dismissing the appeal from an order of Special Term, denying a motion that the judge who tried the cause resettle the case by reinserting therein the following words: "The Defendant requested the Court to charge the jury, that if they find from the evidence that the saw was not as warranted, the return of it absolved the Defendant from the payment of the price." The Court refused so to charge, and Defendant excepted. And the third order, of which a review is sought, is the one dismissing an appeal from an order of the Special Term, denying an application to the Court to correct the case by inserting the same matter.

Whether the General Term was right or not in holding that these orders were not appealable, becomes entirely immaterial, in the view which we take of the case upon the merits, as well in respect to the decision of the Special Term, sought to be reviewed by the appeal to the General Term, as to the judgment itself. The action was upon a promissory note for $467.88. The defence was, that the note was given for circular saws, which were warranted to be of a good quality; that they were not of a good quality, but entirely worthless. Upon the trial no question was made upon the breach of warranty, except in relation to one of the saws purchased, the price of which was $150. The uncontradicted evidence showed that the saw was sold by the Defendant to John Howard & Co., of Michigan, and sent to them; that they, upon trial, finding it bad, had sent it to the Plaintiffs in New York, as directed by Defendant in case it should be so found, and again received it from the Plaintiffs, after it had been retempered and reduced an inch in diameter; but not choosing to try it again, they sent it to Defendant at Sandy Hill, of whom it was purchased by Brown & Anderson, of Michigan, and sent to them, though not by Defendant's personal order. There is no other evidence in this case showing any return of the saw to the Plaintiffs. Upon this state of facts the refusal to charge as requested was, if it occurred, clearly right. The saw remained with Defendant, and he had sold it instead of returning it to the Plaintiffs as worthless; so that his request to charge "that, if the

jury found that the saw was not as warranted, the return of it absolved the Defendant from the payment of the price," was based upon an assumption of facts wholly unwarranted by the evidence ; his exception to the refusal could avail him nothing.

If, then, we should conclude that the orders were, in their nature, appealable, so that the General Term ought to have considered them on the merits, seeing, as we do, that the motions before the Special Term were properly denied, and that the effect of the dismissal of the appeals is precisely the same upon the judgment under review as an affirmance of the orders would have been, the error in the mode of arriving at the result, if there was one, is, as the case now stands before us, manifestly of no consequence.

We are brought, then, to a consideration of the exceptions taken upon the trial of the cause.

The jury were instructed, if from the evidence they should find a warranty of the saw, and a breach of that warranty, and that the saw was worthless as a saw, that the Plaintiffs were entitled to be allowed the value of the saw as old iron or steel.   The Defendant excepted to this charge, and requested the Court to charge that, if the saw was worthless as a saw, the Defendant was entitled to a verdict.   This the Court refused to charge, and the Defendant excepted.   The jury found for the Plaintiffs only the value of the saw as old iron or steel; that is, they found a warranty, the breach, and that the saw was worthless as a saw—a verdict the most favorable possible to the Defendant, unless they had taken the view insisted upon by the Defendant, that, if the saw was worthless as a saw, the Defendant was entitled to a verdict.

The Court, I think, was right in the instruction given. There had been no disaffirmance of the contract by the Defendant, and when he was sued, as he was, for the price of the saw, which he had retained, he could only *recoupe* his damages for the breach of the warranty.

The warranty, whether considered as express or implied, was nothing more than a general warranty of quality ; and the rule of

damage for the breach of such a warranty is well settled to be the difference between the value of the goods, if they had corresponded with the warranty, and their actual value (Muller *v.* Eno, 4 Kern, 606; Voorhees *v.* Earl, 2 Hill, 288; Cary *v.* Gruman, 4 Hill, 625). Or as stated in Cary *v.* Gruman, upon the breach of the warranty of the quality of an article, the vendee is entitled to "such sum as, together with the cash value of the defective article, shall amount to what it would have been worth if the defect had not existed." That is what the jury were directed to give in this case.

I do not discover any foundation, either in justice or in law, for the distinction which the Defendant's counsel contends for, between the case when the article is wholly, and that when it is only partially unfit for the use for which it was intended, provided in each case it has some intrinsic value. In the one case equally with the other, if the article had been retained by the vendee he should, in estimating his damage, allow the vendor for the actual value of the article, and this is the doctrine of the cases.

There being no warranty that the saw was fit for any specific use, there is no opportunity for the application of the rule that the vendee is entitled to such damages beyond those contemplated by the rule above stated, as were the natural and necessary consequences of the breach, which has been applied to cases when the warranty has been so specific (Passenger *v.* Thorburn, 35 Barb. 17; S. C. 34 N. Y. R. 634). It is only to such cases that this rule has been applied. It was said in Hargous *v.* Ablon (5 Hill, 473): "A warranty or promise concerning a thing being general, that is to say, not having reference to any purpose for which it is to be used out of the ordinary course, the law does not go beyond the general market in search for an indemnity against its breach."

See, also, Milburn *v.* Belloni (34 Barb. 607). The offer to show the damages which the Defendant had sustained, consequent upon the failure of the saw to operate, was therefore properly overruled.

There was no error in the admission of the testimony of the

witness Lorick, as to the value of the saw as old iron or steel. He had been in the business of manufacturing saws thirteen years, and for an equal length of time before had been a blacksmith, and was familiar with the material and quality of saws. These facts were, at least, primâ facie sufficient to show him competent to speak of the value per pound of old iron or steel, and of the weight of such a saw. That the evidence itself is competent, appears from what has already been said in regard to the propriety of allowing the value shown by it to the Plaintiffs in the estimate of damages.

As the jury found a warranty and the breach already mentioned, it is unnecessary to examine the exceptions arising upon the admission or rejection of evidence with reference to the fact of the warranty. Whether those rulings were right or wrong, they have not prejudiced the Defendant.

Upon the whole case we are of the opinion that the judgment should be affirmed with costs.

All concur.

Affirmed.