Morgan, J.
It is very clear that if the plaintiff had not applied for and procured an order requiring the defendants to satisfy his demand over and above the one hundred and fifty dollars, the;final recovery would have been in his favor for the balance of the note. Deducting the defendants’ damages, there would have been found due the plaintiff five hundred and seventy dollars, with interest from the day of the note. But this amount had been satisfied before trial, with the consent, and at the request, of the plaintiff", so that on the trial of the action the defendants, instead of the plaintiff, ob *19 tained a verdict. The. plaintiff having failed to recover, it is a matter of course to award costs to the defendants, unless their right to costs has "been affected by the offer of judgment, or by the intermediate order of the court Í requiring the defendants to satisfy the balance of the 'plaintiff’s demand to the extent of five hundred and : seventy dollars, and interest.
As to .the offer of judgment before answer, it is apparent that it was not as favorable to the plaintiff as the recovery of five hundred and seventy dollars after answer. If the plaintiff had accepted the offer, it would not have extinguished the counter-claim, for the defendants were not bound to interpose the counter-claim as a defense to the action upon the note. If the offer had been accepted in that stage of the action, the plaintiff would have entered up judgment for six hundred and forty-four dollars and thirteen cents, and the counter-claim would have been unaffected, and would have remained a valid claim against the payee of the note. By this operation, the plaintiff would have been thrown out of 'the balance'of the note, over and above the six hundred and forty-four dollars and thirteen cents.
If this is the correct view of the case,_ it follows that the plaintiff obtained more in the action than the offer gave him, although it was obtained by an intermediate order of the court, and not by the verdict of the jury. If this intermediate order is to be regarded as a “recovery ” in the action, within the meaning of section 304, subdivision 4, of the Code, I do not see why the plaintiff is not entitled to costs in any aspect of the case.
But is this intermediate order the “recovery” mem tioned in section 304, which is to determine the right to costs ? If it is, I do not see why the costs may not be taxed by the clerk upon the entry' of the order, without' waiting for the verdict of the jury. Or does the Code authorize the clerk to wait until the verdict comes in, and then add the verdict to the several sums obtained by the plaintiff in interlocutory proceedings, to ascer *20 tain how much has been “recovered” in the progress of the action, with a view of determining whether the amount is sufficient to carry costs %
In the case at bar, the defendant, instead of the plaintiff, is entitled to judgment upon the verdict of the jury. But if the intermediate order or adjudication requiring the defendants to satisfy the plaintiff’s claim to the extent of five hundred and seventy dollars, and interest, is to control the question of costs, then it matters not what the verdict is, for the plaintiff is entitled to judgment non obstante veredicto.
Such a construction of section 304 would be very harsh and oppressive towards the defendants ; for it allows , the■ plaintiff, by his own voluntary act, to compel satisfaction of his entire claim before trial, and then to litigate the action at the expense of the defendants, in an unjust attempt to recover something more.
This intermediate order has performed its office, and is no necessary part of the judgment roll. The' “’judgment” obtained thereby has been “satisfied.” The plaintiff never was in a condition to appeal from it, and the defendants, having complied with it, cannot appeal from it. After payment to the plaintiff of the five hundred and seventy dollars, the litigation was necessarily confined to the balance alleged to be due upon the note, and there is a final end of that1 part of the demand “ satisfied ” by the defendants. If the plaintiff did not desire to risk an action for the balance of his claim, he was at liberty to abstain from making his motion, or he might have applied to the court at the same time for leave to discontinue the action upon such terms as to costs as the court might prescribe. But after obtaining an adjudication in his favor, and a satisfaction of the “recovery” thus obtained, I am unable to perceive why it should be allowed to put in a further appearance, either at the trial or in the judgment roll.
As early as 1804, in Seaman v. Bailey (2 Caines, 214), Jones, counsel for the plaintiff, argued that the word “recover” meant everything for which the judgment *21 would be rendered; but the court determined that “the sum assessed by the jury ” was to be considered the “recovery” within the meaning of the statute relative to costs. The same point was determined in Van Horne v. Petrie (2 Caines, 213; and see 1 How. Pr., 135).
And in actions upon bonds when the penalty exceeded fifty dollars, though the damages assessed were not sufficient to carry costs, it was held that the judgment being in form upon the penalty, the costs follow of course (Godfrey v. Van Cott, 13 Johns., 345, 346; Lewis v. Spencer, 12 Wend., 139).
The judgment to be entered up in the case at bar is authorized by the verdict, and not by the interlocutory order. That order did not profess to reserve any authority to control the verdict or judgment; nor do I perceive any- mode of proceeding known to the law which would authorize the court to give it any further vitality. It may be annexed to the ^headings, as bills of costs sometimes are, but it does riot authorize the final judgment, nor does it in any manner involve the merits or affect the judgment. If the judgment, however, is to be molded upon this interlocutory order, then it must be regarded as the authority upon which judgment is to be entered ; and to make a harmonious record, the verdict of the jury should be kept out altogether, as well as the proceedings in the action subsequent to the order.
The final judgment being in form upon the verdict of the jury, the authorities certainly hold that costs follow of course.
It is supposed by the plaintiff’s counsel that this • case is controlled by that of Hoe v. Sanborn (24 How. Pr., 26), affirmed in court of appeals (36 N. Y., 93; S. C., 3 Abb. Pr. N. S., 189).
Much of the reasoning of the learned j udges who delivered opinions in that case, would seem to justify the construction put upon section 304, subdivision 4, by the plaintiffs’ counsel; but, on looking closely into the case itself, it will be seen that the question arose upon an *22 order made by the court at the circuit, requiring the defendants to pay a certain portion of the plain lift’s demand as a condition for putting off" the trial of the action, and not upon the effect of an order authorized by section 244. ” The court, upon motion-to put off a cause, may, doubtless, impose conditions upon the defendant, and require him to enter into a stipulation to pay so much of the demand_ as is not seriously controverted, without prejudice to the plaintiff’s right to final costs. Such was the effect of the stipulation required in Hoe v. Sanborn. Pakkek, J., in delivering the opinion of the court of appeals, says : “At the time of the giving of the stipulation, the question of costs rested upon the reducing the recovery to the amount offered. If the plaintiff should recover any part of the one hundred and fifty dollars, they would be entitled to full costs, and that question of costs constituted the other matters in controversy reserved in the stipulation from being affected by the judgment: to be entered thereon” (36 N. Y., 93, 97; S. C., 3 Abb. Pr. N. S., 189, 35 How. Pr., 200, 201).
This was sufficient to dispose of the question without determining the effect of a partial payment or satisfaction of the plaintiff’s demand, pending the action, under section 244. , •
There can be no doubt as .to the effect of a partial satisfaction of the plaintiff’s claim pending the action, when it takes place without the interposition or interference of the court.
As was said by Cowew, J., in Herkimer Manufacturing Co. v. Small (2 Hill, 130), “In general, a payment and acceptance of the principal sum and interest, at any time pending the suit, extinguishes all claim to costs, these being but an incident to the debt. . . To prevent such a consequence, the practice is quite familiar of receiving payment specially, or Jn deposit, to apply upon paying the costs afterwards ; so, where a. partial payment is made, which, if not qualified, would reduce the amount of the ‘ recovery’ to a sum that will not cany costs.”
*23 In Hoe v. Sanborn, the partial payment was qualified by exacting a stipulation, which preserved the plaintiff’s right to costs. In the case at bar, no such qualification exists. The plaintiff voluntarily demanded payment, and through the aid of the court obtained it, -without qualification, or reserving any right to costs if he failed to recover the balance. It was his own voluntary act, by which such portion of his claim was satisfied, and* he elected to risk a litigation as to the balance. He failed to recover,'and a verdict has passed for the defendants; and, in my opinion, the costs follow the verdict in such a case, without regard to the interlocutory order. Unless my brethren should be of .opinion that this case is controlled by the authority of Hoe v. Sanborn, I think the order appealed from must be affirmed. As the defendants have not appealed from the order giving costs to the plaintiff before service of the answer, all we can do is to affirm the order.
Mullin, J.
The plaintiff sued to recover- of the defendants the amount due on a promissory note given by the defendant Kent in payment of cows purchased by him of the plaintiff. Comstock was accommodation indorser. The defendants, before answer, made and served upon plaintiff’s counsel an offer that plaintiff might take judgment for six hundred and forty-four dollars and thirteen cents. If this offer had been accepted? there would have been unpaid on the note ninety-four dollars and seventy-seven cents.
The defendants in their answer set up a counterclaim for damages resulting from fraudulent- representations in regard to said cows, to the amount of one hundred and fifty dollars.
On January 25, 1868, an order was made at special term requiring the defendants to pay to the plaintiff the sum admitted to be due him, which was fixed at five hhndred and ninty-four dollars and eighty-one cents, and was made up of_ the balance of the notes after deducting the one hundred and fifty dollars claimed as *24 damages,, and interest thereon, until the. date of the order. .
The amount was paid. The parties proceeded to the trial of the cause, &c. Verdict was rendered for the defendants, assessing their damages at one hundred and fifty, dollars. The defendants entered up judgment for the costs of the action. The plaintiff claimed that costs should "be adjudged to him. The clerk refused him costs, and adjusted those of the defendants. The plaintiff’s counsel appealed, and the special term .decided that the plaintiff was entitled to costs up- to the putting in of the answer, and the defendants to all costs subsequent thereto, and that "the costs of the plaintiff be deducted from those of the defendants, and that the judgment be entered for the residue in favor of the defendants.
From that order the plaintiff appealed. Section 244 of the Code provides that when the" answer of the defendant expressly, or by not denying, admits part of the plaintiff’s claim to be just, the court, bn motion, may order such defendant to satisfy that part of the claim, and may enforce the order as it enforces a judgment or provisional remedy.
In pursuance of this provision, the court ordered the payment of the amount concededly due to the plaintiff. The amount thus admitted was large enough to entitle the plaintiff to costs ; and it was the duty of the court to award them to the plaintiff if the provision-' above cited is to be construed to require the adjustment of costs in that stage of the action. The section is silent as to costs, yet I can perceive no insupportable difficulty in the way of treating the order as a judgmenr, and awarding the costs of the action to the plaintiff up to that time.
This would leave the parties to litigate only as to the amount not admitted to be due, and the costs of the litigation to abide the event of the contest.
i If the omission of the plaintiff, or of the court, to have the costs inserted in the -order, is to be held to de *25 prive the plaintiff of the costs accrued to him prior to the date of the order, it must be because the order is to be: treated as a final adjudication, and beyond the power of the court to correct.
The practice under the clause in question is unsettled, and it would be a very -harsh construction to hold that(the party lost his costs, when it was uncer-^ tain whether in this stage of the case he was entitled .to , them.
It seems to me it would be more just to hold that the order was amendable, or that the court, in the exercise of its discretion, would, after the verdict, allow' the plaintiff the costs to which he was clearly equitably entitled, and set them off against the defendant’s costs, should be found entitled to them.
In the absence of a positive enactment, these defendants could not be entitled to the costs prior to the answer, and if they were not, then the plaintiff was, and I am not disposed to permit any mere technical objection to stand in the way of doing what is clearly just and right.
I think the order made at special term'was right.
If we consider the verdict as the criterion by which to determine the right of the parties to costs, the plaintiff must be held not entitled to them, unless the admission in the answer of an, amount due, sufficient to carry costs, is tó'be deemed to speak from the time of putting in the answer, instead of the verdict.
It seems to me that the true construction of section 244, as to the order that defendants pay money admitted by the answer to be due, is, that the ■ order is a division of the amount in controversy into two items, one of which is concededly due, and the other of which is disputed. The admitted part is by the order taken out of litigation, and the action proceeds to recover the ' balance, and it is the costs subsequent to the answer only tha.t depend on the result of the action.
I see no objection to allowing the costs of the plain *26 tiff prior to the answer to be included in the amount to be paid by the order, nor do I see any objection to allowing the costs to remain unadjusted until final termination of the cause, and then allowing the plaintiff to add them to the costs subsequent tojthe answer,Jf he is entitled to the costs of the action, or deducting them from the costs allowed to the defendants if they are entitled to the costs of the cause.
The" defendants’ offer was to allow the ^plaintiff to take judgment for the amount of their note and interest, less ninety-four dollars and seventy-seven cents, or six hundred and forty-four dollars and thirteen cents. He declined the offer, and in fact recovered only five hundred and ninety-four dollars and eighty-one cents, a sum considerably less than the sum offered. By section 385 the defendants become entitled to costs from the date of the offer. By this provision, the costs up to the time of the offer are impliedly given to the plaintiff, and if he is to obtain them after verdict, it must be by offsetting them against the defendants’ damages or costs.
The case of Hoe v. Sanborn (36 N. Y., 93; S. C., 3 Abb. Pr. N. S., 189; 35 How. Pr., 197), has been cited as an authority for the proposition that when an amount is admitted by a defendant to be due to a plaintiff, and the plaintiff obtains an order for the payment of the amount thus admitted, he is entitled to the whole costs of the cause. That the admission and the order are equivalent to a recovery, and when that is for an amount sufficient to carry costs, the plaintiff must be held entitled.
The .case cited does not support the proposition. In that case the defendant' admitted that the plaintiff was entitled to recover the whole amount claimed, except' one hundred and fifty dollars. If the plaintiff recov- ; ered any part of the sum, then he recovered a judgment more favorable than that offered, and was entitled to *27 the costs of the action. The recovery of any sum beyond that offered, entitled the plaintiff to costs, and the payment of the sum admitted has nothing to do with the question of costs, except to show that the plaintiff would have been entitled to costs had the offer and order not been made.
This has no direct bearing on the question before us. I am satisfied the-costs were properly disposed of at the special term, and the order should therefore be affirmed.