# SUPREME COURT.

## ISAAC N. KEELER agt. PETER VAN WIE.

*Acceptance of payment of claim after action brought prevents recovery of costs.*

Where a defendant, after the commencement of an action against him on a money demand, pays to the clerk of the plaintiff the amount of the claim and takes his receipt therefor, without disclosing to him that he has been sued for it, and the plaintiff, as soon as he ascertains these facts, notifies the defendant that he shall not accept such payment from him until the costs of the suit are paid, can recover the costs as well as the principal claim by adhering to such notice.

But if, on the contrary, the plaintiff accepts and uses the amount thus paid by the defendant, he extinguishes the debt and no costs can be recovered upon it.

*Albany, May Circuit,* 1875.

THE defendant borrowed about the sum of $100 of the plaintiff. The money not having been paid this action was commenced. After the papers were served the defendant, without informing him that suit was commenced, paid to the book-keeper of the plaintiff the amount due and took his receipt therefor. The plaintiff, upon being apprised of the fact, notified the defendant that he would not receive the money unless the costs of the suit were paid. This demand was not complied with by defendant, and the pleadings present the question of payment.

*Louis Dreyer,* for plaintiff.

*Edward Newcomb,* for defendant.

WESTBROOK, *J.* — If the plaintiff had adhered to the resolution of not accepting the money, I do not see how a recovery

could have been prevented. After suit commenced the plaintiff was entitled to his costs and a payment to his clerk, without a disclosure of the existence of a suit, would not be a valid one. Such payment, however, having been made to the clerk of the plaintiff the latter had the option to accept it or not. If he did accept it and take the money from the person to whom it was paid and appropriate it to his own use, he thereby ratified the manner of the payment. This the plaintiff in this cause has done, and I do not see how he can obtain judgment for a demand, the money due on which he has in his pocket. The costs follow the debt. If the latter has been extinguished no costs can be recovered.

This is not like the case of *Bogardus* agt. *Richtmeyer* (3 *Abbott*, 179). In that a judgment had been regularly taken, the defendant failing to present his defense to the court upon the trial, and on motion to be relieved the court had a right to impose terms. But in this case the defendant makes defense and alleges a payment, and no discretion exists in the imposition of terms as in a case where a party asks a favor of the court. We have but a simple legal question to answer and that is: Has this borrowed money been paid? As the plaintiff has confessedly received the money and used it, I do not see how he can recover a judgment therefor. He was not bound to receive it from his clerk, but having done so he adopts and accepts the payment.

This identical question was held by me, during a preceding circuit, in *Hale* agt. *Meech*. It was decided in that case that money left with another for the plaintiff the latter was not bound to accept; but having taken the money and used it, it operated as a payment.

*Toll* agt. *Hiller* (11 *Paige*, 228) decides a similar principle. In that case a partial payment of the amount due on a mortgage had been refused by the solicitor to be received as such, but was retained as a deposit. The complainant took the money from the solicitor with an understanding that he was to allow no interest until the balance was paid. The

Keeler agt. Van Wie.

chancellor held, " that the defendant was equitably entitled to have the money applied as a payment on his mortgage as of the time it was received and used by the complainant."

So, in this case, the defendant has a right to insist that this money received by the plaintiff should be deemed a payment from the day it was so received and used by him.

As before stated, the cause of action being extinguished no costs can be allowed to the plaintiff. His cause of action fails and there must be a judgment in favor of the defendant, with costs.

The defendant's attorneys will prepare findings and submit them to the other side with notice of settlement.