EDWIN T. RICE, RESPONDENT, v. PATRICK CHILDS, APPELLANT, IMPLEADED, ETC.

28h 303
40 Mis¹192

*Costs — the defendant is entitled to them, when the recovery is for less than fifty dollars — Code of Civil Procedure, sec. 3228, sub. 4 — Appeal, from what it should be taken.*

In an action brought to recover the sum of seventy-seven dollars and forty-five cents, the plaintiff received from the defendant, before the latter had answered, the sum of fifty-five dollars on account of the amount due, the defendant promising to pay the balance at a time named, if the plaintiff would extend the time of payment to that date. After that date the defendant failed to pay the balance, and served an answer setting up the payment made, and demanding a dismissal of the complaint, with costs. Judgment for the balance due having been ordered for the plaintiff upon an application to have the answer stricken out as frivolous:

*Held,* that as the judgment was for less than fifty dollars the defendant was entitled to recover costs.

That the appeal was properly brought from an order refusing a motion for retaxation of costs, and that it was not necessary to appeal from the judgment.

APPEAL from an order made at a Special Term, in so far as it awards costs to the plaintiff in excess of the costs of the motion, and from an order denying a motion for a retaxation of costs.

*Edward S. Peck,* for the appellant.

*Edwin T. Rice,* for the respondent.

BRADY, J.:

This action was commenced by the service of a summons and complaint on the defendant Childs on March 24, 1882, and was brought upon an undertaking given by Henry Brewster, on appeal from a judgment of the Marine Court to the court of Common Pleas, to secure the costs and damages only of such appeal. The undertaking was executed by Henry H. Waters and Patrick Childs. Waters resided in Rockland county and Childs in New York. Under the judgment in the court of Common Pleas and to which the undertaking related, the respondent recovered seventy-seven dollars and forty-five cents costs, and judgment was thereupon duly entered in the Marine Court in February, 1882, and notice of the entry of such judgment served upon the attorney for the appellant in the action in the Marine Court. Some days after this action was

commenced and before the defendant Waters was served with process, Childs called upon the respondent, and stating that he wished to settle the action, said he would pay the respondent fifty-five dollars on account and the balance on the first of May following, if the respondent would extend his time for payment to that date, which Rice agreed to do and received the payment on account. The appellant failed to comply with this agreement and served on the fourth of May an answer to the complaint which appears to have been verified on the 21st of March, 1882, setting up the payment of fifty-five dollars made on the 6th of April, 1882, in pursuance of the agreement of settlement, and therefore while the action was pending, and at the same time the attorney for the appellant served a notice of trial for the June circuit. It appeared also that at the same time and by the same messenger Mr. Brewster, who occupied the same offices with the appellant's attorney, served on the respondent an answer for Waters, the other defendant, alleging the same payment, and a notice of trial for the June circuit, although no attempt had been made to serve Waters with the summons and complaint.

Upon this state of facts the respondent moved for judgment against the defendant Childs for the balance due with costs as of the date at which the payment of fifty-five dollars was made under the proposed settlement of action, and his motion was founded upon section 537 of the Civil Code and rested upon the ground that the answer put in by the defendant Childs was frivolous. The motion was successful, and the plaintiff obtained and entered the judgment in pursuance of the order made upon his motion for the balance due, namely, twenty-three dollars and seventy cents and also for the costs and disbursements of the action, which amounted to twenty-eight dollars and fifty-nine cents.

It also appears that at the time the respondent's costs were adjusted, Mr. Brewster attended before the clerk on the part of the defendant, and insisted that the clerk should refuse to tax the respondent's bill and should tax the bill in favor of the defendant, but the clerk disregarded Mr. Brewster's request and taxed the costs as directed by the order for judgment. The appellant thereupon staid the respondent's proceedings under the judgment by an order duly obtained, and moved for an order disallowing the

plaintiff's costs and directing the clerk to tax the defendants' costs; which motion was denied with ten dollars cost.

. The notice of appeal served in this case was from the order of the 23d of May, 1882, so far as it ordered and awarded costs except the costs of the motion in favor of the plaintiff, and also from the order made at Special Term on the 15th of June, 1882, denying the motion for a retaxation of the costs and from every part thereof. The order of May 23, 1882, alluded to in the notice of appeal, was the order for judgment for the balance due to which reference has already been made. It will have been perceived that there was no appeal from the judgment, which appears to have been entered before the application for a retaxation of the costs was made.

The question presented in this case is, which of these litigants is entitle to costs. At the time of the payment of the fifty-five dollars no condition was imposed upon its receipt and no reservation made of any rights accrued or to accrue. It was an absolute and unqualified payment on account of the demand. Section 3228 of the Code of Civil Procedure declares by its fourth subdivision that in an action in which the complaint demands payment of a sum of money due, the plaintiff is not entitled to costs unless he recover the sum of fifty dollars or more. In this case he has not recovered by judgment fifty dollars. The sum recovered was twenty-three dollars and seventy-nine cents which was the balance due after the payment of fifty-five dollars on account. There are two decisions against the right of the respondent to recover his costs reported in Howard's Practice Reports. In the case of *Bendit* v. *Annesley*, decided by the General Term of this department and reported in 27 Howard's Practice, 184, it appeared that after the action was commenced by service of the summons and complaint on the defendants a check was sent to the plaintiffs in a letter for an amount which was equal to the face of the note, the interest and the cost of protest. There was no payment of costs and no tender of payment. Subsequently the plaintiff advised the defendants that the check sent would not settle the action and that the costs must be paid. The defendant answered in the action, however, pleading payment, and the issues on trial by the court resulted in a dismissal of the complaint. And it was held in that case that the answer was good although it demanded that the complaint might be dis-

missed and with costs ; and it was said that if the plaintiff meant to insist on payment of the accrued costs he should have refused to receive the payment of the debt unless the whole costs were paid. And the judgment was affirmed.

In the case of *Keeler* v. *Van Wie* (49 How. Pr., 97), which was a similar case, the papers were there served on the defendant, and after that incident, without imforming him that suit was commenced, he paid to the book-keeper of the plaintiff the amount due and took his receipt. The plaintiff on being advised of this notified the defendant that he would not receive the money unless the costs of the suit were paid. The demand was not complied with by the defendant and the pleadings presented the question of payment. It was said in that case that after the suit was commenced the plaintiff was entitled to his costs, and the payment to his clerk, without the disclosure of the existence of a suit, would not be a valid one. Such payment, however, having been made to the clerk of the plaintiff, the latter had the option to accept it or not. If he did accept it and take the money from the person to whom it was paid and appropriated it to his own use he thereby ratified the manner of the payment, and the plaintiff having used the money he could have no judgment for there was nothing due to him. It was further said that costs followed the debt ; if the latter has been extinguished no costs can be recovered. Of similar purport is the case of *Toll* v. *Hiller* (11 Paige, 228).

The principle governing such a case as this is, that costs follow the debt; and the plaintiff having accepted the sum of money reduced his claim below fifty dollars and was not entitled to any costs. He might have protected himself from such a result by reserving his costs, or by accepting the money on condition that it was in no way whatever to affect his right under the judgments to the full amount, but that he should credit the defendant upon the execution with the amount which he had received on account of the debt alleged. The plaintiff has failed to protect himself by this or any other device and is not entitled under the statute to costs, because at the time that he took judgment he could not recover the sum against the defendant which was necessary in order to secure them.

It was not necessary to appeal from the judgment in this case to

present the question whether the defendant was entitled to costs or not. The objection to the allowance of costs to the plaintiff was made at the time of taxation and the defendant then insisted upon his right to recover them, and that question was presented on a proper motion and disposed of adversely to the defendant. From the order announcing that result he had the right to appeal. It is not understood how this can be gainsaid. The judgment was not assailed, because the amount recovered was conceded to be correct. The right to costs is a substantial one and the subject of review. (*Hoe* v. *Sanborn*, 36 N. Y., 93.) The ways and means of the defendant in this case, however, are such that no costs should be allowed him on this appeal.

The order appealed from is reversed, therefore, without costs.

DAVIS, P., J., and DANIELS, J., concurred.

Order reversed, without costs.