John H. Galloway, Jr., J.
Defendant moves to vacate judgment and order and the bill of costs taxed herein on September 24, 1964, on the ground that the costs and disbursements taxed were barred by CPLB (8102, subd. 3), because plaintiff’s recovery was less than $250 and that, except for the amount claimed, the action could have been brought in a court of lesser monetary jurisdiction.
Defendant claims plaintiff .recovered only $237. Plaintiff resists and points out that it recovered an additional $40.30 interest, or a total of $277.30, which is the amount of the recovery which governs the right to costs.
In our opinion the controlling amount governing the right to costs is the amount of the final judgment recovered. Interest is part and parcel of such recovery, where interest is allowable, and the amount of the final judgment, and not that in controversy, determines the right to costs (cf. Goldstein Co. v. Naday & Fleischer, 113 Misc. 336, affd. 199 App. Div. 924). Troy City Bank v. Grant (1 How. Prac. 135) is not in our opinion to the contrary.
Here the final recovery was $277.30, which is in excess of the minimum specified in CPLB (8102, subd. 3). We determine that plaintiff was entitled to tax costs and disbursements.
The motion is denied.