### GORDON'S vs. MAUPIN.

A sheriff is not entitled as against the defendant in an execution to commission, on the amount of an execution, unless the money is collected by him—as in case the money is paid to plaintiff, or the judgment is otherwise satisfied.

## APPEAL from Boone Circuit Court.

HAYDEN, *for Appellant, insists :*

1st. That the sheriff is not entitled, by law, to a commission upon the debt and interest mentioned in the execution, because he did not receive or collect the same, nor pay over the same to the plaintiff; but, on the contrary, the same was *received by the plaintiff himself,* and the same was paid over to the plaintiff.

2d. That the commission allowed by our statute, is the compensation to which the sheriff is entitled for collecting, or receiving and paying money upon execution to the plaintiff, and is not designed or intended as a compensation to him for any other services rendered by him as sheriff, anterior to the collection or receiving the money. Because the statute provides and fixes his fees for such anterior services. See 11th sec. of the act, title "Fees," p. 497-8.

RUSSELL *for Appellee.*

Upon the point that the sheriff was entitled to his fees for poundage, see Allen on Sheriff, page 353-4-5; see 5th Term Rep. 470; 1 Cain's Rep. 192; 9 Wend. 437; 17 ib. 14; all of which clearly decide that he is entitled to his fees after levy, if there is a compromise, by payment, directly to plaintiff in the writ.

SCOTT, J., *delivered the opinion of the Court.*

In July, 1846, Maupin, the sheriff of Boone county, had an execution for a considerable amount, against the Messrs. Gordons, at the suit of Price R. Parks. This execution was levied on real estate of the appellants, which was advertised for sale. Prior, however, to the day of sale

the execution, and all costs, except the sheriff's commission on the debt, were satisfied. The sheriff, conceiving himself entitled to the commission allowed by law for collecting monies on execution, refused to return the execution satisfied, and was proceeding to make his commission by sale, when an application was made by the Messrs. Gordons to the Circuit Court, to restrain and to compel the sheriff to return the execution satisfied. The Court overruled the application, and held, that under the circumstances, the sheriff was entitled to his commission. From this opinion an appeal was taken to this Court.

The statute on this subject allows to the sheriff, "for commission for receiving and paying monies on execution, where land or goods have been levied on, advertised, and sold, three and one-half per cent. on the first two hundred dollars, and two per cent. on all sums above that sum, and one half of such commission when the money is paid to the sheriff without a levy, or when the land and goods levied on shall *not be* sold." The 29th section of the same law prescribes that this act, like penal laws, shall be construed strictly. The latter clause of the provision, allowing a sheriff commission when the property levied on shall not be sold, must be construed in reference to the first, which only allows a commission for receiving and paying over monies, and is applicable to those cases only in which, after a levy is made, the money is paid to the sheriff himself, and not to the plaintiff or his agent. The injunction to construe this act as a penal one, would seem decisive of the question. Indeed, independently of any positive provision, it is a principle of the common law that all statutes concerning costs shall be construed strictly. The statute only allows a commission for receiving and paying *over;* the sheriff has done neither the one nor the other; on what principle, then, can he be allowed a commission against the defendants in the execution. In the case of Jackson vs. Anderson, 4 Wend. 479, it was held that a sheriff had no right to sell for the purpose of collecting his fees, after due notice of the settlement and discharge of the judgment. The sheriff has no interest in the judgment which will authorize him to interfere with or control any settlement which the parties may think proper to make. His fees are no part of the judgment. They are but an incident to it, and if the judgment itself is satisfied or discharged, he must look to the plaintiff or his attorney for his fees. None of the cases referred to in the New York reports are analogous to this. It is true the statute in that State, like ours, allows a commission for collecting monies, and, under it, it has been held, (Hildreth vs. Ellice, 1 Caine's Rep. 192,) that if a sheriff levy on lands, and when no sale in consequence of a compromise, he will not-

withstanding, be entitled to his poundage. Under the authority of this decision, which is supported by the cases in England, on the construction of the statute of 29th Elizabeth, c. 4, limiting the sheriff's poundage, for the "serving and executing of any extent or execution upon the body, lands, goods or chattels." The statute under which the case of Hildreth vs. Ellice was decided, was similar to this. The recent cases in New York, hold that the substitution of the word "collecting," for that of "serving," has not varied the meaning of the law; 9 Wend. 437, Bolton vs. Lawrence; and that under the statute, which only allows a commission for collecting monies, if a sheriff levies on property and is afterwards prevented from selling it, by arrangement between the parties to the execution, he is, notwithstanding, entitled to his poundage. But it will be found upon an examination, that all the cases reported in the New York books were against the plaintiff in the execution, and nothing is said in any of them from which it can be inferred that the defendant, in the execution, would be liable for the fees. The execution is sued out by the plaintiff; the services of the sheriff rendered at his instance, and if afterwards, by his means, the right of taking from the defendant the remuneration allowed by law is destroyed, on what principle is the defendant liable to the sheriff.

The question whether the plaintiff in the execution would be liable to the sheriff for his commission, is not now before us, nor is it intended to give any opinion respecting it.