CANFIELD *against* THE ELEVENTH SCHOOL DISTRICT IN NEW-MILFORD.

*Litchfield,*
July, 1849.

Canfield
*v.*
The Eleventh
School District
in
New-Milford

The plaintiff was employed, by the defendants, a school district, to teach their school, for four months, at 18 dollars *per* month of 20 days; to commence between the 15th of *November* and the 1st of *December*, 1845. In consequence of a school-house not being provided, by the district, he did not commence teaching until the 17th of *December ;* and he continued teaching for 65 days only; his wages for this time amounting to 58 dollars, 50 cents. On the 3rd of *November*, 1846, after the commencement of this suit, and after costs to the amount of 11 dollars, 20 cents, and interest on the principal to the amount of 1 dollar, 25 cents, had legally accrued, the defendants paid the plaintiff said sum of 58 dollars, 50 cents, for his wages, but refused to pay him anything towards the interest or costs. Held, 1. that if there was an express agreement to pay interest—a matter left doubtful by the finding—it might be recovered; but if otherwise, the interest being merely incidental to the debt, and the latter being paid in full, a recovery for the former could not be sustained; 2. that the defendants not having taken advantage of the payment made, by plea, the plaintiff was entitled to judgment for nominal damages, which would, of course, carry the costs.

Matters of defence, arising after the commencement of the suit, cannot be pleaded in bar of the action generally but must, when they have arisen before plea or continuance, be pleaded to the further maintenance of the suit; and when they have arisen after issue joined, they must be pleaded *puis darrein continuance.*

THIS was an action of book debt, to recover the plaintiff's wages as a school-teacher. The following is a copy of his account : " To teaching the district school in said district, 4 months following the 1st of *December* 1845, at $18. *per* month of 20 days—$72."

The cause was twice referred to an auditor, to audit and adjust the accounts between the parties ; those auditors respectively made their reports, against which the defendants remonstrated ; and from the finding of the court on such remonstrances, the facts in the case appear. But as the facts which constitute the basis of the points decided, are stated, with sufficient particularity, in the opinion of the court, they are omitted here.

The case was reserved, upon the facts found, for the advice of this court, as to what judgment should be rendered thereon.

*Sanford* and *Seymour*, for the plaintiff, contended, 1.

Canfield
*v.*
The Eleventh
School District
in
New-Milford.

That the plaintiff, when he commenced his suit, had a good cause of action.

2. That the plaintiff was legally qualified to teach.

3. That the payment of the 58 dollars, 50 cents, is no bar. The money paid was applied, by the express direction of the debtor and the agreement of the creditor, to the wages for teaching, and none of it either to the interest or costs. This court cannot disturb that application. *Selleck* v. *The Sugar Hollow Turnpike Company*, 13 *Conn. R.* 453. The interest, amounting to 1 dollar, 25 cents, it is found, had " legally accrued." If necessary to sustain the finding, the court will presume it to have been made upon proof of an express contract to pay interest; and as it was neither paid nor waived, the plaintiffs are entitled to recover it. Where a note, by its terms, carries interest, will a tender of the principal alone, as principal, bar a suit upon the note? Might not the payee safely receive the tender, without forfeiting his interest? 1 *Sw. Dig.* 291. *Hellier* v. *Franklin*, 1 *Stark. Ca.* 291. *Kidd* v. *Waller*, 2 *B. & Ad.* 705. (22 *E. C. L.* 174.)

4. That if the *debt* was legally cancelled, the *costs* were not, and the plaintiff is entitled to judgment for nominal damages, and his costs. *Hand* v. *Lady Dinely*, 2 *Stra.* 1220. 1 *Campb.* 558. *in notis.* *Hutchinson* v. *Reid*, 3 *Campb.* 329. *Godard* v. *Benjamin*, *Id.* 331. *Holland* v. *Jourdine*, 1 *Holt's N. P. Ca.* 6. (3 *E. C. L.* 5.) *Francis* v. *Crywell*, 5 *B. & Ald.* 886. (7 *E. C. L.* 289.) *Jackson* d. *Henderson* v. *Davenport*, 18 *Johns. R.* 295 302. *Stevens* v. *Briggs*, 14 *Verm. R.* 44.

No counsel appeared for the defendants.

Hinman, J. It appears from the report of the auditor, in this case, that the plaintiff was employed, by the defendants, to teach their district school, for four months, at 18 dollars *per* month of 20 days: to commence between the 15th of *November* and the 1st of *December*, 1845. In consequence of a school-house not being provided, by the district, he did not commence teaching till the 17th of *December*; and the school was continued for the period of 65 days only. The plaintiff's wages for this time, amounting to 58 dollars,

50 cents, were paid him, on the 3d of *November* 1846. This was long after the commencement of the suit, and after costs to the amount of 11 dollars, 20 cents, and interest on the principal, to the amount of 1 dollar, 25 cents, had legally accrued.

*Litchfield,*
July, 1849.
———
Canfield
*v.*
The Eleventh
School District
in
New-Milford.

The case has not been argued for the defendants before us; but as it was reserved for our advice, by the superior court, it is proper to notice all the questions which fairly arise upon the record.

It was made a question below, whether the plaintiff had properly qualified himself to teach the school, at the time he first commenced it, by procuring the necessary certificate from the examining committee. We do not think it necessary to decide this question. The report shows, that on the 23d of *December*, which was only 5 or 6 days after the school was commenced, the requisite certificate was obtained; it was in fact, signed by one of the examining committee, before the school commenced, and by the only other committee-man, on the 23d of *December*. It appears, therefore, that for at least 60 of the 65 days teaching, he was properly qualified; and as the district paid him the 58 dollars, 50 cents, expressly for his wages for teaching the 65 days, and refused to pay him anything towards the interest or costs which had then accrued, we do not think they can now recover back the trifling sum thus overpaid, even if he was not duly qualified for the first five days.

It was claimed below, that as the principal debt was paid in full, neither interest, which is incidental to the debt, nor costs, which are incidental to the recovery of damages, can be recovered by the plaintiff. The plaintiff, on the other hand, claims, that under the finding of the auditor in this case, he is entitled to recover the 1 dollar, 25 cents, interest, which, it is found, had legally accrued at the time the principal was paid; and he is entitled to nominal damages and his costs, even if not entitled to interest: and cases are cited, which are supposed to sanction these claims.

In regard to the interest, it could undoubtedly be recovered, provided there was either before or after the services were rendered, an express agreement to pay it. But if it is claimed merely as damages, for the delay in paying the principal, and not in consequence of an express agreement to

*Litchfield,*
*July, 1849.*

Canfield
*v.*
The Eleventh
School District
in
New-Milford.

pay it, then it would seem to be merely incidental to the debt ; and the creditor having consented to receive the debt, the incident could not afterwards be recovered. The finding of the auditor is equivocal on this point : it is, that at the time the wages for teaching were paid, "on the 3d day of *November* 1846, 1 dollar, 25 cents, interest, had legally accrued thereon." If this means, that it had accrued, by reason of an express agreement to pay it, then obviously it was as much a part of the debt as any part of the 58 dollars, 50 cents ; but if otherwise, then the claim was gone when the principal was paid. Perhaps it is a fair inference from the finding, that the interest was due by express agreement ; yet, as it is somewhat equivocal, whether the auditor so intended ; and as there is another point which seems to us decisive of the case ; we do not choose to rest it on this ground.

The plaintiff claims, that, as the costs were not paid, though claimed by him at the time, he is, at any rate, entitled to judgment for nominal damages, which will carry costs, as of course. Under the circumstances in which this case is presented, we think this claim well founded. It ought, however, to be understood, that this is only upon the ground, that the defendants have not taken advantage of the payment of the principal sum due, by plea. It is a general rule of pleading, that matters of defence, arising after the commencement of the suit, cannot be pleaded in bar of the action generally ; but must, when they have arisen before plea or continuance, be pleaded to the further maintenance of the suit ; and when they have arisen after issue joined, they must be pleaded, *puis darrein continuance.* 1 *Chitt. Pl.* 696. *Le Bret* v. *Papillon,* 4 *East,* 502. *Evans* v. *Prosser,* 3 *Term R.* 186. 188. *Bac. Abr. tit.* Pleas. 2.

Upon this ground, it was held, in the case of *Holland* v. *Jourdine,* 1 *Holt's N. P. Ca.* 6. (3 *E. C. L.* 5.) which was an action to recover the amount of an attorney's bill, and the defence was, a receipt given by the plaintiff, after action brought, for the debt and costs in the suit, that the plaintiff should recover nominal damages. In this case, the debt and costs were both paid, and included in the receipt ; and yet Ch. J. *Gibbs* says : " It is no answer to the action under the general issue." Numerous cases to the same effect might readily be cited, some of which are referred to, on the plain-

tiff's brief. Indeed, it would seem, upon principle, that such must be the law. The general issue goes only to the merits of the plaintiff's claim, at the time the action was commenced; it is but a formal denial of the truth of the declaration, as made at the time the suit was brought; and is not, either in substance, or in form, a denial of any subsequent matter, which may go to defeat the plaintiff's right to recover, at the time of pleading, or of the trial.

*Litchfield,*
*July, 1849.*

Canfield
*v.*
Eleventh
School District
in
New-Milford.

We think, then, that although the defendants may have had a good defence, had they specially pleaded payment in full of the debt due, after action brought, and the acceptance of such payment by the plaintiff; yet inasmuch as they have not done so, judgment must be rendered for the plaintiff, for nominal damages at least, and his costs ; and so we advise the superior court.

In this opinion the other Judges concurred, except WAITE, J., who was not present. (*a*)

### Judgment to be rendered for the plaintiff.

(*a*)Judge *Waite's* absence from the court, during the whole of this term, was occasioned, by the illness of his son, GEORGE C. WAITE, Esq., and his expected return to his native place. His father wished to be at home to receive him ; and he was not deprived of this melancholy satisfaction. The young man returned, with a fatal disease, fastened upon his lungs. Here he languished until the 4th of *August*, when he died.

" *Purpureus veluti quum flos, succisus aratro,*
*Languescit moriens.*"

He was born at *Lyme, August* 13th, 1820 ; and was graduated at *Yale-College*, in 1840. He read law in his father's office, about a year and a half, and then removed to *Troy, N. Y.* and completed his studies, under the instruction of *George Gould*, Esq., a son of the late Judge *Gould*. He was admitted to the bar, in the state of *New-York*, in 1844, and immediately afterwards entered upon the practice of the law, in *Troy.* Although he began his professional career among strangers, without patronage, and in the midst of a crowded profession ; yet, by his industry, integrity and amiable deportment, he soon rose to an honourable rank among his brethren, and obtained a fair proportion of business. He won also the respect and confidence of his associates at the bar. During the last year of his residence in *Troy*, he was an active and efficient member of the board of education ; and to him, is that city mainly indebted for its present free school system, which promises so much benefit to the rising generation.

His memory will long be cherished, and his loss mourned, not only by his