MUNTEITH vs. RAHN, impleaded with another.

An administrator may dispose of the personal assets of the estate without an order of court; but is liable under our statutes for the appraised value of the property, if the sale is made for less than such appraised value.

*Williams vs. Ely*, 13 Wis., 1, followed.

APPEAL from the Circuit Court for *Milwaukee* County.

One Damrt died intestate in Milwaukee county, in April, 1857, and one Bode was appointed his administrator. In pursuance of an order of the county court, Bode sold certain real estate of his intestate; and *Filner*, the purchaser, gave his promissory notes for a part of the purchase money, secured by a mortgage on the property. Afterwards Bode, as administrator, sold and assigned one of the notes and the mortgage to the plaintiff in this case. On the 26th of April, 1859, Bode was removed from his trust as administrator, and the defendant *Rahn* appointed administrator *de bonis non*. Upon default in payment of the note assigned to her, the plaintiff brought this action to foreclose the mortgage. The complaint alleges that the plaintiff paid Bode "a full and valuable consideration" for the note and mortgage. After a demurrer to the complaint had been overruled, the defendant *Rahn* answered, denying the authority of Bode to sell said note and mortgage, and alleging that the estate had never received any consideration therefor. *Filner* answered, admitting the facts stated in the complaint, and praying an order of the court directing him whether he should pay the amount due on the note and mortgage to the plaintiff or to the defendant *Rahn*. There was another defense, which, by stipulation, was waived in this court.

The circuit court overruled a demurrer to the answer of *Rahn ;* and from this decision the plaintiff appealed.

*Small & Coggswell,* for appellant, contended that at common law an administrator has the same property in the personal estate of the deceased as his intestate had (2 Blacks. Comm., 511 ; Williams on Ex'rs, 454), and his sale or assignment of any part of it cannot be avoided at law or in equity, where the vendee has purchased in good faith, without knowledge of any intended misapplication by the administrator (Williams on Ex'rs, *ubi supra;* Toller on Ex'rs, 256 ; *Field vs. Schieffelin,* 7 Johns. Ch., 154; *Wilson vs. Doster,* 7 Ire. Eq., 231 ; Lord MANSFIELD in *Whale vs. Booth,* 4 T. R., 625, note ; 4 Mass., 514 ; 2 id., 309 ; 5 N. H., 592 ; 35 id., 321 ; 10 Vt., 116 ; 4 Hill, 492 ; 2 Md. Ch. Decisions, 94 ; 3 Ind., 369 ; 18 Ill., 116 ; 2 Bay, 321 ; 1 Miss., 749) ; and that there is nothing in the statutes of this state to change the rule.

*Van Deutsch & Winkler,* for respondent :

At common law an administrator is really the representative of his intestate, " having the same property in his goods as the principal had when living." His powers are discretionary. Under our statutes, he is the executive officer of the probate court. His duties and powers are ministerial. At the common law it was for him to satisfy himself of the correctness of the demands against the estate, and to allow or reject them, and also to determine the question of the sufficiency of assets ; and if he rejected a just demand, or wrongfully refused to pay it on the ground of an alleged deficiency of assets, he was liable to an action by the party aggrieved. It was his duty to sell the personal property so far as it might be necessary to pay the debts and legacies ; and he was himself the judge of that necessity. It followed of course that innocent parties purchasing of him must be protected. *Whale vs. Booth,* 4 T. R., 625 ; Williams on Ex'rs, 796 ; Dayton's Surrogate, 280 ; *Nugent vs. Gifford,* 1 Atk., 463 ; 2 Blacks. Com., 511 ; 2 Kent's Com., 415. But under our system it is not for the administrator to determine whether a demand against the estate is just or not, nor whether there are assets to pay it, or any, and what propor

tion of it. The former question is to be determined by the county judge or by commissioners duly appointed by him; and the others by the probate court itself; and the duty of the administrator is simply to execute the decision of the probate court. So when payment has been decreed, if there is not sufficient money of the estate in the administrator's hands, it is his duty, not to sell, but to apply to the court for an order of sale; and when it appears to the court that such sale is necessary for the payment of debts, &c., it is its duty to make such order. Thus it appears that the whole ground on which the authorities above cited declare that the administrator has the absolute disposal of the personal property, viz., "that in many instances he *must* sell in order to perform his duty in paying debts" &c., does not exist in this state, so far as it respects a sale without order of the court. "*Cessante ratione legis, cessat et ipsa lex.*"

November 2.  *By the Court,* COLE, J.  Under the stipulation of parties, the only question we have to consider on the demurrer to the answer is, whether the sale of the note and mortgage mentioned in the complaint, to the appellant, passed the title, it having been made by Bode, the administrator of the estate of Damrt deceased. It is contended that no valid sale could be made by the administrator, under our statute, without a previous order of the probate court. The same question in substance was presented in the case of *Ely vs. Williams,* 13 Wis., 1, and our decision was adverse to this position. We then held that an administrator could dispose of the personal effects of his intestate, and give a good title, without any order of the probate court authorizing him so to do, because the title in law vested in him. The only object there could be for his obtaining an order of sale from the probate court, would be for his protection in case the personal property did not sell for its appraised value. If he should sell without such an order, he would be held liable to account for what the personal property was appraised at, whether it should sell for that amount or not. Hence the reason for obtaining such an order, and not because it was necessary to enable him to give a good title to the property.

There is no pretense that the sale - in this case was not made in good faith and for a valuable consideration. We see no good reason why it should not be sustained.

The order of the circuit court, overruling the demurrer to the answer, is therefore reversed, and the cause remanded for further proceedings.