JEREMIAH S. BUELL *vs.* ARTEMAS FLOWER.

After service of a writ and before the session of the court the defendant paid the debt and the plaintiff received the amount paid as in full of the debt; but no costs were paid though demanded by the plaintiff. Held that the plaintiff could not afterwards recover the costs, with nominal damages. [One judge dissenting.]

And held that the defendant could plead the general issue with notice of such payment, and that a special plea to the further maintenance of the suit was not necessary.

ASSUMPSIT on a promissory note; brought to the Superior Court in New Haven County, at its December Term, 1871. At the September Term, 1872, the defendant pleaded the general issue, with the following notice:

"The plaintiff will take notice that the defendant will give in evidence, should it be necessary for the purposes of his case, that after the debt in the plaintiff's declaration became due and owing to the plaintiff, and after the said suit had been commenced against the defendant, as appears by the return of the said writ of the plaintiff, and while the same was pending, to wit, on the 19th day of December, 1871, and just before the session of the December term, 1871, the defendant paid the plaintiff the full amount of the principal and interest of said note, to that date, in full payment of the debt contained in said writ, to the acceptance of the plaintiff, and also the sum of $11.67 costs of an action for a foreclosure, and $8.89 costs of an action of ejectment, both brought on a mortgage to secure said note, to the said December

Buell v. Flower.

term of said court for New Haven County, and issued and served about the same time as said writ."

The issue was closed to the court, and the following facts found by the judge :

The plaintiff was at the time of the commencement of the action the equitable and bonâ fide owner of the note described in his declaration. He was also the assignee of a certain mortgage given by the defendant to secure the note, and simultaneously with the present action brought an action of ejectment for the land mortgaged and a bill of foreclosure, all three suits being against the defendant and returnable to the same court. It was proved by evidence introduced by the defendant, without objection from the plaintiff, that on December 19th, 1871, the first day of the term, shortly before the opening of the court, the defendant's attorney paid to the plaintiff's attorney the costs of the ejectment and foreclosure suits, and the amount due on the note, taking the following receipt, which was signed by the plaintiff's attorney : "New Haven, December 19th, 1871. Received of Artemas Flower $573.16 in full of principal and interest to date on note for $500 of A. Flower to S. H. Scranton, dated July 11th, 1868, assigned to J. S. Buell ; also $11.67 costs of an action for a foreclosure, and $8.89 costs of an action of ejectment, brought on a mortgage given to secure said note to the Superior Court, New Haven County, December term, 1871 ; which actions are to be *no app'd*." Payment of the costs of the present action was requested and refused. The note was retained by the plaintiff's attorney, and is still in his possession. The plaintiff claimed that he was entitled to a judgment for nominal damages and costs, and the question as to what judgment should be rendered was reserved for the advice of this court.

*Baldwin*, for the plaintiff.

The sole question in this case is, whether, after the commencement of an action, payment of the debt, coupled with a refusal to pay the costs accrued, is available as a complete defence, under the general issue with notice.

1.　At common law such payment could not defeat the plaintiff's right to recover nominal damages and costs. A plea of payment after action brought could only be to the further maintenance of the suit, and was demurrable unless it averred payment or tender of the costs accrued. 1 Swift Dig., 297, 298 ; *Tracy* v. *Strong*, 2 Conn., 662 ; *Holdridge* v. *Wells*, 4 id., 151, note ; *Ashburn* v. *Poulter*, 35 id., 556, 558 ; *Horsburgh* v. *Orme*, 1 Campb., 558, note ; *Francis* v. *Crywell*, 5 Barn. & Ald., 886 ; *Nosotti* v. *Page.*, 2 Eng. L. & Eq., 326 ; *Emerson* v. *White*, 10 Gray, 351.

2.　Under the common law general issue, nothing could be shown in bar of the action which occurred after the commencement of the suit. *Holland* v. *Jourdine*, Holt N. P., 6. Our statutory general issue does not confer any larger right. Its office still is to " deny the truth of the plaintiff's declaration." Gen. Stat. p. 23, sec. 105. And nothing can be shown under it, either with or without a notice, which does not tend to support the issue tendered, namely, to show that, when the action was brought, the plaintiff was not entitled to recover. *Swift* v. *Dickerman*, 31 Conn., 292 ; *Nelson* v. *Thompson*, 7 Cush., 503 ; *Canfield* v. *Eleventh School District*, 19 Conn., 532 ; *Ayer* v. *Ashmead*, 31 Conn., 460, (per BUTLER, J., affirming ruling below by SANFORD, J.) The case of *Canfield* v. *Eleventh School District*, though decided in July, 1849, a year after the passage of the present law regarding the effect of a notice filed with the general issue, and long after the first adoption of the same principle expressed in very nearly the same language by our legislature, (see Statutes, ed. 1838, p. 49, sec. 30), expressly decides that matters of defence, arising pending suit, must be specially pleaded, and not in bar generally, but only to its further maintenance. And the language of the court implies that such a plea (no costs having been paid) would have been insufficient, without averment that the payment was accepted in full of all claims by the plaintiff.

*R. D. Smith*, for the defendant, cited Revised Statutes of 1849, p. 73–74 ; Gen. Stat. of 1866, p. 23 ; Reg. Gen., 3

Day, 278 ; 2 Swift Dig., 673 ; *Canfield* v. *Eleventh School District*, 19 Conn., 529 ; *Ayer* v. *Ashmead*, 31 id., 447, 455 ; *Ashburn* v. *Poulter*, 35 id., 553 ; *Merrill* v. *Everett*, 38 id., 40.

PARK, J.　The plaintiff contends that the special matter of defence set forth in the defendant's notice under the general issue could not be given in evidence in that state of the pleading, but that it was necessary for the defendant to plead it specially in bar of the further prosecution of the suit, inasmuch as it is matter that had arisen since the suit was brought ; that the issue between the parties raises the question whether, at the time the suit was commenced, the plaintiff had a good cause of action, and that therefore matter which may have subsequently arisen does not tend to disprove the issue.　This may be true in theory, but we think that since the statute of 1848, a notice under the general issue has all the force of a special plea and supplies its place.

The statute declares that the defendant may give in evidence, under the general issue, any special matter of defence, according to the nature of the action, but that he shall not give in evidence any defence consistent with the truth of the material allegations of the declaration, unless at the time of pleading he shall file notice thereof in writing.　Under such issue the statute seems to authorize the admission of any defense which may exist to the merits of the case, provided the defendant gives notice of the same in writing at the time of pleading.　He does not seem to be confined to matters of defense existing at the time the suit was brought, and no good reason can be given why he should be.　The plaintiff in this case was as much apprised of the grounds of defense by the notice that was given, as he possibly could have been by a special plea in bar to the further maintenance of the suit; and why should he complain ?　He does not pretend that any advantage has been taken of him, or could have been taken, but stands on the merest technicality.　We think in these

days of judicial progress, such technicalities must give place to sounder principles, unless some good reason can be given for adhering to them, which we fail to see in the case at bar. The recent case of *Ayer* v. *Ashmead*, 31 Conn., 447, assumes that notice under the general issue is a proper mode of procedure in a case like the one under consideration. We think therefore there is nothing in this objection.

The remaining question in the case is clearly governed by the case of *Ayer* v. *Ashmead*, just referred to, and that of *Canfield* v. *The Eleventh School District*, 19 Conn., 529. Those cases expressly decide that costs in the progress of a case in court are incidental to the debt or damages sought to be recovered ; and that if the debt or damages are paid to the plaintiff, and accepted by him to his full satisfaction, so that there can be no further claim for any portion of the debt or damages as such, the costs which may have been made in the prosecution of the suit cannot be afterwards recovered by the plaintiff. The principle of these cases appears to be sound, and applies to the case at bar. It is not pretended that the costs in controversy in this case are an independent claim against the defendant, but it is conceded that it is necessary for the plaintiff to recover judgment of some amount as debt or damage before there can be a recovery of the costs that have been made. But the debt has been paid, and the payment has been voluntarily accepted in full satisfaction of all that is due the plaintiff as a debt, and on what principle can he be entitled to recover something more as debt or damages ? The voluntary acceptance of money in full payment of the debt operates as a discharge of the debt, and consequently as a discharge of the costs incident to the debt which otherwise he would have been entitled to recover. The tender of the debt by the defendant without a tender of the costs that had been made, would not have had this effect. It is the voluntary acceptance of the money as a full payment of the debt, that operates to discharge the costs, which until judgment are only an incident of the debt.

A majority of the court are of opinion that the plaintiff himself has put it out of his power to recover the costs in con-

troversy, and therefore advise the Superior Court to render judgment for the defendant.

In this opinion CARPENTER and FOSTER, Js., concurred. SEYMOUR, J., dissented on the last point.