THOMPSON v. THE UNION ELEVATOR COMPANY, *Appellant.*

**Costs, upon Compromise of Suit.** After the institution of a suit the parties compromised and the plaintiff executed a release to defendant of the cause of action sued for, and authorized a dismissal of the suit. No provision was made as to costs. *Held*, that the release operated to bar any right on the part of the plaintiff to recover of defendant the costs already accrued, except such as had been adjudged against him.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

The release was as follows:

"Know all men by these presents, that I, Charles Thompson, in consideration of the sum of $250 to me in hand paid by the Union Elevator Company, do hereby release and forever discharge the said elevator company, its

successors and assigns, of and from all actions, causes of action, controversies, claims, damages and demands whatsoever for or by reason of an injury received by me by falling from the scaffolding in the elevator of said company at Kansas City aforesaid, on the 29th day of November, 1875, and to recover damages for which an action is now pending in the circuit court of Jackson county, Missouri, at Kansas City, brought by me as plaintiff against said elevator company as defendant; and I hereby authorize the dismissal of said suit."

*Pratt, Brumback & Ferry* for appellant.

*Amos H. Kagy* for respondent.

HENRY, J.—The only question involved in this case is whether the lower court erred in rendering a judgment against the defendant for costs. It is a suit by plaintiff against defendant for damages for a personal injury. The answer of the defendant contained a denial of all the allegations of the petition, and a plea of release. There was a mistrial at the October term, 1878, of the Jackson circuit court, and on the 11th day of November, following, plaintiff executed a release to the defendant of all claim for damages for said injury, and on the 13th day of November, the defendant filed an amended answer, pleading said release in bar of the further prosecution of the suit. The plaintiff replied, denying the execution of the release, and on a trial the issue was found against him, and the court rendered a general judgment against him, but adjudged the costs which had accrued in the cause, at the date of the filing of the amended answer, against defendant, and from this judgment defendant appeals.

At common law, plaintiff was in no case entitled to recover costs. *Steel v. Wear*, 54 Mo. 532. In this State the matter of costs is regulated by statute, which is to be strictly construed. *Shea v. K. C., St. Jo. & C. B. R. R. Co.*, 67 Mo. 687; *Gordon v. Maupin*, 10 Mo. 352. Section 990,

Revised Statutes 1879, provides that " In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." This has reference to the final determination of the cause, and to costs not then previously taxed. In *Hart v. Fitzgerald,* 2 Mass. 509, the court held, under a statute similar to ours, that : " The party prevailing, in all cases within the juris-diction of the court, is entitled to costs, and no distinction is made as to the form or manner in which he shall pre-vail." *Coffin v. Cottle,* 9 Pick. 287, is to the same effect.

The defendant in the case at bar was " the prevailing party," and in the adjudication of costs, it is of no conse-quence how or why he prevailed. The plaintiff executed a release after the suit was instituted, and instead of dis-missing, persisted in prosecuting it. If he had voluntarily dismissed his suit, as he should have done, the court could not have adjudged the costs against the defendant, and does it make a difference in plaintiff's favor, that, of his own wrong, he persisted in prosecuting a suit which he should have dismissed ? If a party would have the costs adjudged against his adversary, who prevails in the suit by reason of a compromise, under which the suit cannot be further prosecuted, he should so stipulate in his compro-mise agreement.

The case of *Nettles v. Sweazea,* 2 Mo. 100, was decided under a statute materially different from that now in force, and whether the statute of 1825 was properly construed in that case, might be questioned, but however that may be, the decision should not control in the construction of sec-tion 990, *supra.*

The judgment is reversed and the cause remanded, and the court below directed to enter a judgment against plaintiff for all costs, except those, if any, otherwise taxed prior to the date of the final judgment in the cause. All concur.