(40 Misc. Rep. 190.)

### HIMBERG v. ROGERS.

(Supreme Court, Appellate Term. March, 1903.)

1. DISCONTINUANCE—COSTS.

   The parties to an action settled it between themselves, and the attorneys for the defendant, having been refused a discontinuance without costs by the attorneys of the plaintiff, or further time to plead, were compelled to interpose an answer alleging the settlement, and file a note of issue, and serve a notice of trial. *Held*, that a subsequent motion of plaintiff's attorney to discontinue without costs would not be granted, except on payment of defendant's costs and disbursements of the action and of the motion.

Appeal from City Court of New York, Special Term.

Action by James Himberg against Mark H. Rogers. From an order granting plaintiff's motion to discontinue the action without costs, except those of the motion, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and GIEGERICH and GIL-DERSLEEVE, JJ.

Myers, Goldsmith & Bronner (Jacob M. Schoenfeld, of counsel), for appellant.

Sanders & Feltenstein, for respondent.

GIEGERICH, J. This action, begun on the 24th day of May, 1902, by the service of a summons, was brought to recover the sum of $115 for goods sold and delivered by the plaintiff to the defendant. On the 28th day of May following, the defendant served a notice of appearance upon the plaintiff's attorneys. The action having been settled between the parties, the defendant's attorneys requested the plaintiff's attorneys to consent to the discontinuance of the action without costs, which they refused to do; and they also refused, after having given various extensions, to grant the defendant any further extension of time to plead. The latter then, on the 17th day of September, served an answer, alleging that the action had been settled between the parties. After the service of the answer the defendant's attorneys again requested the attorneys for the plaintiff to discontinue the action without costs, and they again refused. On the 5th day of January, 1903, the defendant filed a note of issue, and served a notice of trial, and thereafter the plaintiff's attorneys asked the defendant's attorneys for their consent to discontinue the action without costs, which was refused, and the plaintiff's attorneys then made a motion for an order discontinuing the action without costs, which was granted; $10 costs for opposing the motion being allowed to the defendant. From the order so granted and entered, the defendant has appealed to this court.

The defendant was entitled, as matter of right, even after suit brought, to set up the settlement of the action by way of defense. Willis v. Chipp, 9 How. Prac. 568; Bronner Brick Co. v. M. M. Canda Co., 18 Misc. Rep. 681, 683, 42 N. Y. Supp. 14. While such settlement, in the absence of an agreement to reserve them, had the effect of extinguishing the plaintiff's costs (Bronner Brick Co. v. M. M. Canda Co., supra), the same, if established upon the trial, would not, however, have prevented the defendant from recovering costs. Bendit v. Annesley, 42 Barb. 192; Rice v. Childs, 28 Hun, 303. Inasmuch as the defendant would have been entitled to costs, had he succeeded in establishing his said defense upon the trial, the question arises whether, under the circumstances disclosed by the record, the plaintiff should have been permitted to discontinue the action without any costs, save those allowed the defendant for opposing the motion. In De Barante v. Deyermand, 41 N. Y. 355, 357, the court said:

"The rule in regard to costs, where the court grants leave to the plaintiff to discontinue his action without bringing the issues to trial, cannot be said to be one absolutely of law, or resting in absolute legal right. The question of costs in such cases rests upon the action of the courts, depending very

much upon discretion. The courts have allowed or disallowed them as they have deemed the claim to them just or unjust."

It was decided in Agar v. Tibbets, 56 Hun, 272–275, 9 N. Y. Supp. 591, that a discontinuance of a common-law action without payment of the defendant's costs would not be granted, "except in a case where such an award of costs would work manifest injustice to the plaintiff." This doctrine was applied in the case of Layman v. New York Bank Note Co. (Super. N. Y.) 20 N. Y. Supp. 431, where it was held that, while the granting of an application to discontinue without costs was within the discretionary power of the court, such power should nevertheless be exercised "with caution," and that the cases within which a plaintiff is allowed to discontinue without costs "are exceptional."

The cases which have been regarded as an exception to the rule are set forth in the two cases last cited, and may be briefly summarized as follows: The defendant's discharge in bankruptcy after suit brought; the defendant's concealment of infancy from the plaintiff; the repeal of the law imposing a penalty after action therefor has been commenced; and the intrusion of a person named as a defendant by mistake, and not served with process, into a litigation, the result of which could in no manner affect his interest. The case at bar does not fall under either one of these exceptions. While we think that, where a settlement is effected between the parties without the knowledge or presence of the attorneys, a discontinuance without costs may be permitted, yet, in view of the peculiar state of facts presented by the record, we feel that such course should not have been pursued in the present case. The affidavits presented in opposition to the motion alleged, without denial by the plaintiff, that the attorneys for the plaintiff, although frequently requested before and after the service of the answer to consent to a discontinuance of the suit without costs, refused to do so. The defendant was then put to the expense of preparing and serving an answer, and again, after joinder of issue, of filing a note of issue and serving a notice of trial. The service of an answer was necessary in view of the plaintiff's attorneys' refusal to give any further extension of time to plead, or to consent to the discontinuance of the action without costs; and, having thus put the defendant to the necessity of answering to avoid the entry of a judgment against him for failure to plead, the plaintiff should, in reason and justice, be compelled to pay the additional expense to which the defendant was put to protect his rights, as measured by the taxable costs in consequence of such refusal.

The plaintiff argues that, in order to obtain a discontinuance, the defendant should not have put the case on the calendar and served a notice of trial, but that, upon his refusal to discontinue without costs, the defendant should "have made a motion to compel plaintiff to reply to the separate defense set up, and on succeeding in said motion he would have obtained costs." This argument, however, is fallacious, because the defendant, in order to obtain a determination of the action, would have been put to expense, whether he pursued this remedy, or the one afforded by the filing of a note of issue and the service of an answer.

For the reason above given, the order appealed from should be modified by granting the plaintiff's motion only upon the payment of the defendant's taxable costs and disbursements, besides the costs of the motion, and, as modified, affirmed, but without costs of this appeal to either party as against the other.

Order modified by granting plaintiff's motion only upon payment of defendant's taxable costs and disbursements, besides costs of motion, and, as so modified, affirmed, but without costs of this appeal to either party as against the other. All concur.