WEEKS et al. v. STARR.

(Supreme Court, Appellate Term. December 22, 1911.)

Costs (§ 43*)—Right to—Settlement Before Trial.

> Where an account sued on was paid in full after service of the complaint, but before the summons was returnable, and the amount was accepted without reservation as to costs, it was error to give plaintiff judgment for the amount sued for and direct credit on the execution for that amount, thus in effect giving plaintiff judgment for costs.

> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 165–170; Dec. Dig. § 43.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles L. Weeks and another, partners as Weeks & Parr, against Philip Starr. Judgment for plaintiffs, and defendant appeals. Reversed, and complaint dismissed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Samuel Plumer, for appellant.

Gilbert & Wessel, for respondents.

GIEGERICH, J. The complaint in this action alleges a sale and delivery of goods to the defendant. The answer is a general denial and a plea of payment. Upon the trial it was shown that prior to July 19, 1911, there was due from defendant to plaintiffs the sum of $180. On that day the defendant paid on account the sum of $50. The summons and complaint was served upon the defendant on August 14, 1911, and upon August 19, 1911, the balance due the plaintiffs of $130 was paid. The summons was returnable on August 23, 1911, at which time the plea of payment was interposed by the defendant. Upon the foregoing facts appearing, the court below gave plaintiffs a judgment for $130 and costs, and directed that there be credited upon the execution the sum of $130.

This disposition of the case in effect gave plaintiffs a judgment for the costs of the action. There was no evidence given, nor is there any claim made, that at the time the defendant paid the balance due the plaintiff any reservation of the right to costs was made by them, and it is clear that such payment extinguished the debt. In such a case the plaintiffs could not recover costs, and judgment should have

been rendered in favor of the defendant. Bendit v. Annesley, 27 How. Prac. 184; Keeler v. Van Wie, 49 How. Prac. 97; Bronner Brick Co. v. M. M. Canda Co., 18 Misc. Rep. 681, 42 N. Y. Supp. 14; Himberg v. Rogers, 40 Misc. Rep. 190, 81 N. Y. Supp. 627. Section 332, subd. 9, of the Municipal Court act, has no application to a case of this kind.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.