# OBERT v. ZAHN.

No. 2970.  Opinion Filed November 4, 1914.

Rehearing Denied January 9, 1915.

(145 Pac. 403.)

**FORCIBLE ENTRY AND DETAINER—Taxation of Costs—Jurisdiction.**
Where, pending the trial of an action of unlawful detainer, damages were waived, and, by consent of counsel, it was made to appear to, the court after issue joined that defendant had left the country and yielded possession of the premises in controversy to plaintiff, **held**, construing Rev. Laws 1910, sec. 5229, that the cause of action was extinguished, and the court was without jurisdiction to render judgment for plaintiff and tax defendant with the costs.

(Syllabus by the Court.)

*Error from District Court, Caddo County;*

*Frank M. Bailey, Judge.*

Action by Abe Zahn against M. Obert. Judgment for plaintiff, and defendant brings error. Reversed.

*Ballinger & Maxwell,* for plaintiff in error.

*Blake & Boys* and *C. H. Carswell,* for defendant in error.

TURNER, J. After the mandate had gone down and been spread of record in the district court of Caddo county, *Zahn v. Obert,* 24 Okla. 159, 103 Pac. 702, an action of unlawful detainer came on for trial upon the merits. During the trial it developed, pending the cause and after issues joined, that Obert had left the country and yielded possession of the property in controversy to Zahn without any agreement as to costs. Thereupon it was contended by counsel for defendant that the court had lost jurisdiction of the subject-matter, and was without power to render judgment in favor of plaintiff for possession and tax

defendant with the costs. But the court held not so, and did both (damages being waived), to which defendant excepted, and, after motion for a new trial filed and overruled, brings the case here. This was error.

In *Thompson v. Union Elevator Co.*, 77 Mo. 520, the court, on the question of costs under similar circumstances, said:

"At common law, plaintiff was in no case entitled to recover costs. *Steele v. Wear*, 54 Mo. 532. In this state the matter of costs is regulated by statute, which is to be strictly construed. *Shed v. K. C., St. J. & C. B. R. R, Co.*, 67 Mo. 687; *Gordons v. Maupin*, 10 Mo. 352 [47 Am. Dec. 118]."

This sends us to the statute. Our statute governing costs (Rev. Laws 1910, sec. 5229) reads:

"Where it is not otherwise provided by this or other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

Which means that costs shall follow the judgment for plaintiff as of course. When possession was yielded the cause of action was, by that act, settled out of court and extinguished. After that the court was without jurisdiction to enter judgment for plaintiff, and hence could not allow him costs. There is conflict on the authorities upon this proposition, however, 11 Cyc. 83, says:

"In some jurisdictions the rule is that, where a cause of action is extinguished by agreement of the parties, whether by payment, compromise, release, or otherwise, the plaintiff will be entitled to costs, in the absence of some agreement in relation to the disposition of costs. * * * In other jurisdictions it is held that, where a cause of action is extinguished by agreement between the parties, whether by payment, settlement, release, or otherwise, no agreement being made as to the costs the plaintiff cannot recover costs. This rule has been held to apply as well in equity as in law although the question of costs be reserved for the decision of the chancellor. * * *"

*Two River Mfg. Co. v. Beyer et al.,* 74 Wis. 210, 42 N. W. 232, 17 Am. St. Rep. 131, supports the latter view, and states the reason for the rule. It is, we think, in line with the weight of authority. That was an action to set aside, as clouds on plaintiff's title to certain lands, a certain judgment, a sheriff's deed, and a conveyance by the grantee in that deed. The facts were that one Pfau was the original owner of the lands in controversy. They were sold for taxes and bid in by the county, which held the certificates, and which went by several assignments into the hands of one Webster, who brought a suit to foreclose the same against Pfau, who answered. Pending the suit Pfau sold the lands to plaintiff after Pfau had redeemed the lands and obtained a certificate of redemption therefor and notified Webster thereof, who received and accepted the redemption money for his own use as holder of the certificates without demanding the costs of the suit, which remained unpaid. Thereafter Webster, treating the case as still pending, without knowledge of Pfau or plaintiff, pursued the same to judgment and sale for "costs and disbursements," at which time the land was bought in by one Cooks, and the sale confirmed. Cook conveyed to defendant, and plaintiff sued to clear his title. The court said:

"The tax certificates were the cause of action, and the sole cause of action, of that suit of foreclosure. They are to be foreclosed in the same manner as mortgages (section 1181, R. S.), and are the cause of action, the same as mortgages are the cause of action in suits of foreclosure. The redemption of the lands from the certificates, pending the suit of foreclosure, must have the same effect upon the suit as the payment of the mortgages, or redemption of the lands from the mortgages, pending the suits for their foreclosure. In both cases, respectively, the tax certificates and the mortgages are the subject matter of the suits. The sole object of the suits is to foreclose them, and the sole result is the judgment of foreclosure. The suit is brought upon them, and on account of them alone. They are the principal of the suit, and the *lis pendens* as notice is of them alone,

and of the lands upon which they are liens and the title of which is involved in, and will be affected by, the action and the judgment therein. In all possible respects they are the same as any other causes of action, such as a promissory note, or a bond for the payment of money, a trespass, or damage feasant, or any other which may be satisfied or discharged by the payment of money and for which a judgment may be rendered. There could be no action without such a cause or some cause of action. When such a cause no longer exists, there is no longer any cause of action, and the action is at an end. An action could not continue as an action when the cause has been removed, any more than an action could be commenced without a cause of action. The costs are merely incidental to an action based on a sufficient cause of action, and are not a part of it, but the creature of the statute, which can only follow a judgment or final determination of an action in which the cause of action is merged. An action cannot be brought merely for the costs thereof, nor can an action be maintained, after the cause of action has been removed, merely for the costs thereof; for then they would be no longer incidental, but the principal of the suit. Can an action be commenced to foreclose a mortgage or tax certificate, or on a note or bond, or for trespass, after the mortgage or tax certificate has been redeemed, or the note or bond had been paid, or the trespass satisfied, and the money had been accepted by the plaintiff? No more can such actions subsist and continue to judgment after such redemption, payment, or satisfaction had been acknowledged by the acceptance of the money. The action is ended when the cause of action is taken out of it. The reason of the rule is apparent. It is inherent."

*Geiser Threshing Machine Co. v. Smith et al.,* 36 Wis. 295, 17 Am. Rep. 494, was an action upon a promissory note. The facts were that on March 17, 1873, summons and complaint in the action were delivered to the sheriff with intent to have the same served upon the defendants; that before service defendants paid plaintiff's attorney the principal and interest on the note in full, who accepted the money, but claimed $17 costs; whereupon, defendants refusing to pay, a surrender of the note was refused upon that ground. Service was thereafter had. The

note contained an agreement to pay. plaintiff 5 per cent. for attorney's fees if suit was brought thereon. On this state of facts there was judgment for plaintiff for costs, from which defendants appealed. In reversing the case the court said it was not necessary to decide when the suit was commenced:

"Because, whether it was commenced or not, the acceptance by the plaintiffs of full payment of the amount due on the note extinguished their right to prosecute it. It may be that the plaintiffs might have refused the payment, and prosecuted the suit to judgment for damages and costs. But they could not receive the damages and reserve the right to prosecute the suit for costs. *Canfield v. School District,* 19 Conn. 529; *Ayer v. Ashmead,* 31 Conn. 447 [83 Am. Dec. 154]; *Buell v. Flower,* 39 Conn. 462 [12 Am. Rep. 414]."

And in the syllabus:

"Where, after commencing an action upon a note, plaintiff accepted payment of the amount due on the note, this extinguished his right of action; and it was error to render judgment in his favor for the costs of the suit."

*Buell v. Flower, supra,* was assumpsit on a promissory note, brought in the superior court of New Haven county. After suit brought, defendant proved without objection that upon the first day of the term his attorney had paid plaintiff's attorney a sum certain in full of principal and interest due on the note, and that payment of the costs of the suit was requested and refused, that thereupon plaintiff's attorney retained, and still retains, possession of the note, and claimed he was entitled to judgment for damages and costs. In passing upon the reserved question as to what judgment should be rendered, the court said:

"It is not pretended that the costs in controversy in this case are an independent claim against the defendant, but it is conceded that it is necessary for the plaintiff to recover judgment of some amount as debt or damage before there can be a recovery of the costs that have been made. But the debt has

been paid, and the payment has been voluntarily accepted in full satisfaction of all that is due the plaintiff as a debt, and on what principle can he be entitled to recover something more as debt or damages? The voluntary acceptance of money as full payment of the debt operates as a discharge of the debt, and consequently as a discharge of the costs incident to the debt, which otherwise he would have been entitled to recover. The tender of the debt by the defendant without a tender of the costs that had been made would not have had this effect. It is the voluntary acceptance of the money as a full payment of the debt that operates to discharge the costs, which until judgment are only an incident of the debt. A majority of the court are of the opinion that the plaintiff himself has put it out of his power to recover the costs in controversy, and therefore advise the superior court to render judgment for the defendant."

*Poppers v. Meager,* 33 Ill. App. 20, was a suit in which a distress warrant was levied on the property of defendant for the rent of the landlord. After issue joined on a plea of *nil debet,* the rent for which the warrant issued was paid; nevertheless the cause proceeded to trial after the goods had been released on bond. At the trial the expense of the custody of the goods levied upon was proven to be $15, and from a judgment for that amount rendered and entered against him defendant appealed. Of this amount the court said:

"But, such allowances being costs, the party is not entitled to recover them unless he is, by statute, entitled to costs. 'No final costs were recoverable by the plaintiff or defendant at common law.' 2 Tidd's Pr. 945. Without a judgment in his favor for the thing sued for, debt, damages, chattels or land, the various statutes do not provide for any final costs to the plaintiff. If his cause of action is extinguished *pendente lite,* his right to a recovery, and with it his title to costs, is gone. *Sweetland v. Tuthill,* 54 Ill. 215. The judgment must be reversed, but, as no further proceedings can be had in the cause, it is useless to remand it."

And in the syllabus:

"Without a judgment in his favor the plaintiff is not en-

titled to costs; if a cause of action is extinguished *pendente lite,* a right to a recovery, and with it the title to costs, is gone."

In *Skinner v. Jones,* 4 Scam. (Ill.) 193, a part of the syllabus reads:

·  "Before a plaintiff is entitled to recover costs from a party he summons into court, he must show that he had a cause of action against him at the time of the institution of the suit, and that it still subsists. If, between the commencement of the suit and the trial, he voluntarily releases his cause of action, his right to recover costs is gone."

See, also, *McCoy et al. v. Loughery,* 11 Phila. (Pa.) 302; *Keeler, Agt., v. Van Wie,* 49 How. Prac. (N. Y.) 97; *Warfield v. Watkins,* 30 Barb. (N. Y.) 395; *Christie v. Corbett,* 34 How. Prac. (N. Y. 19; *Bendit, Agt., v. Annesley,* 27 How. Prac. (N. Y.) 184; *Hayes County v. Wileman,* 82 Neb. 669, 118 N. W. 478; *Montgomery v. Harson,* 1 Brev. (S. C.) 480; *Johnson v. Brannan,* 5 Johns. (N. Y.) 268; *Watson v. DePeyster,* 1 Caines (N. Y.) 66; *Morgan v. Griffin,* 1 Gilman (6 Ill.) 565; *Bates v. Norris,* 13 Civ. Proc. R. (N. Y.) 395; *Pulver v. Harris,* 62 Barb. (N. Y. 500; *Weeks v. Starr* (Sup.) 132 N. Y. Supp. 393.

We are of the opinion, when *pendente lite* defendant yielded possession of the property in controversy, as he did, that there was left remaining no issue to try; that the court lost jurisdiction of the subject-matter, and hence could render no judgment affecting the same, and, there being no agreement as to the costs, erred in taxing the same against defendant. Precisely what defendant did, in effect, when on the trial it was made known to the court by agreement of counsel that possession had been yielded and accepted, as stated, was to interpose what was known at common law to a plea *puis darrein* continuance or, under the statute (Rev. Laws 1910, sec. 4795), a supplemental answer, alleging the same as a material fact occurring after the former answer. When a plea *puis darrein* continuance was interposed

Form 8.

and established, under 8 & 9 W. c. 11, sec. 2, defendant was entitled to costs incurred subsequent to putting in the plea, *Lyttleton v. Cross et al.,* 4 B. & C. 115. But, to take the place of this practice, said section 4795 provides:

"Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply."

Pursuant to which the court had the right to require defendant to reduce such fact to writing and file it as a supplemental answer, and, in the court's discretion, tax him with part or all the costs of the suit. But the court did not so require, but accepted and considered the fact thus interposed as well pleaded. It is clear that, when that fact was considered, as it was, the court lost jurisdiction to render judgment on the merits, erred in so doing, and, having no jurisdiction upon which to predicate a judgment for costs, also erred in taxing defendant therewith. In *Bronner Brick Co. v. M. M. Canda Co.,* 18 Misc. Rep. 681, 42 N. Y. Supp. 14, the court said:

"In an action of a legal nature, the rights of the parties must be determined as they existed at the commencement of the action, except so far as the situation has since been changed unfavorably to the plaintiff's claim, either by his own act or by operation of law (Abb. Trial Brief on Pleadings, 414, sec. 502; *Styles v. Fuller,* 101 N. Y. 622 [4 N. E. 348]; *Ferris v. Tannebaum* [Com. Pl.] 15 N. Y. Supp. 295); the reason being that in such actions the statute gives costs, and, as they ought not to be charged on a plaintiff, who had good reason to sue, the defendant ought to get leave, and then the court can impose terms (Abb. Trial Brief on Pleadings, *supra; Ferris v. Tannebaum, supra*). Hence (with these exceptions) an answer which sets up as a defense any essential fact that did not occur until after suit brought is bad in an action of a legal nature, even in those jurisdictions where equitable defenses can be pleaded. But if plaintiff's own voluntary act, pending the action, has impaired or discharged his cause of action as by compromise or release,

\* \* \* the defendant may set up the fact in his answer, unless it occurred after issue joined, in which case it can only be set up by supplemental answer. Abb. Trial Brief on Pleadings, above. The ground for this distinction is, I think, substantial."

And in the syllabus:

"Costs are but an incident to the debt, and, if the latter is extinguished by tender and acceptance, no costs can be recovered unless expressly reserved by agreement between the parties."

There is no conflict in what we hold here and what we held in *Interstate Crude Oil Co. v. Young,* 29 Okla. 465, 118 Pac. 257. Here was an executed settlement of the action brought about by the change of possession of the property in controversy and a consequent extinguishment of the subject-matter of the action out of court with no agreement as to costs. There, by stipulation, an executory contract of settlement, signed by the parties, was brought into court containing an agreement which was not intended to, and did not, extinguish the subject-matter of the action until the court, on motion, rendered judgment pursuant thereto, and, in so doing, correctly carried into that judgment the part of the stipulation as to the costs. While the record is not as fully stated in the opinion as it might be, this was all the court did in that case, for in the syllabus we say:

"Where the parties stipulate for the settlement of an action, providing that each shall pay his own costs, the court does not thereby lose jurisdiction thereof, but may retain the same, award and tax costs, and render judgment therefor in accordance with the terms of the stipulation."

The judgment of the trial court is reversed and rendered.

All the Justices concur.