[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11819
Judgment of foreclosure is ordered.
LAW DAY: November 6, 2000
The court awards:
Principal Balance: $278,378.43
Interest Due on the Note Rate: 72,978.56
Total Late Charges: 1,791.00
Title Expense: 150.00
Inspection Fees: 300.00
Appraisal Fees: 6,125.00
Environmental Fees: 2,300.00
 Tax Deficit Balance: 8,331.77 ___________
TOTAL: $370,354.76
In dispute are the interest due at the default rate, $33,869.43, and the attorney's fees of $21,392.12.
Regarding the interest due at the default rate, the court finds that whether interest is a proper element of damages is primarily an equitable determination and is a matter which lies within the discretion of the trial court. State v. Stengel, 192 Conn. 484, 487 (1984). "Where on the other hand, the parties have expressly contracted for the payment of interest, the court does not have this latitude. When the payment of interest is contractually agreed upon, interest is recoverable." Canfieldv. Eleventh School District, 19 Conn. 529, 531 (1849); Guaranty Bank Trust Co. v. Dowling, 4 Conn. App. 376, 385-386 (1985).
In this case, the parties agreed to the interest rate and the default interest rate charged under the note. Absent an equitable reason for doing so, which the court does not find in this case, a refusal to award the interest rate agreed upon under the note upon default would amount to the court improperly remaking the contract of the parties. GuarantyBank, supra, 385; FDIC v. 20 Sisson St. Associates, 1992 WL 307, 585. CT Page 11820
Accordingly, the court must award the interest due at the default rate of $33,869.43.
Regarding the attorney's fees claimed of $21,392.12, the court finds them to be not reasonable in this case and therefore awards attorney's fees of $15,000.
Judgment of $404,224.19, plus attorney's fees of $15,000.
D. Michael Hurley Judge Trial Referee