# HAMPTON et al. v. LYNCH.

No. 4876.   Opinion Filed December 21, 1915.

(153 Pac. 1119.)

1.   **APPEAL AND ERROR—Dismissal—Forcible Entry and Detainer.** An appeal to this court from a judgment of a county court in favor of a plaintiff in a forcible entry and detainer case will not be dismissed, for the reason that it involves only abstract or hypothetical questions from a decision of which no practical relief will follow, where it appears from the record of the trial that before the trial the defendants had abandoned the premises involved in the litigation; it appearing that the case had been appealed by the defendants to the county court from a justice of the peace court. In such a case the judgment of the county court determined the defendants' liability to pay double the value of the use and occupation of the premises from the execution of the appeal bond to the date of the judgment, and from such a judgment the defendants have a substantial right to relief by appeal to this court.

2.   **FORCIBLE ENTRY AND DETAINER—Termination of Proceedings—Abandonment of Premises.** Where, pending the trial of an action of forcible entry and detainer, no question of damages being involved, it was made to appear to the court, after issue joined, that the defendants had abandoned the premises in controversy and their claim to possession thereof, **held,** the court was without jurisdiction to proceed further and render judgment for the plaintiff.

3.   **SAME—Confession of Error—Motion to Dismiss.** Where, while such a case is pending on appeal in this court, the defendant in error files a motion to dismiss the appeal for the reason that only abstract or hypothetical questions are involved, and sets out the fact that the record of the trial court shows that pending the trial of the cause in that court the defendants had abandoned their possession of the premises in controversy, and where the record bears out such allegation, the filing of such a motion will be a confession by the defendant in error of the assignment of error that the judgment appealed from is not sustained by the evidence and is contrary to law.

(Syllabus by Wilson, C.)

*Error from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

Action by R. E. Lynch against D. R. Hampton and others. Judgment for plaintiff, and defendants bring error. Reversed.

*S. R. Lewis* and *O. S. Booth,* for plaintiffs in error.

*Davidson & Williams,* for defendant in error.

Opinion by WILSON, C. Defendant in error, as plaintiff, sued the plaintiffs in error, as defendants, in a justice of the peace court in Tulsa county to recover possession of certain real estate alleged to have been forcibly and unlawfully entered and detained by the defendants. On trial of the case before the justice of the peace, a judgment was rendered for the plaintiff, from which the defendants appealed to the county court of Tulsa county. On the trial of the case in the county court it appeared from the evidence that the defendants had abandoned their possession of the premises and made no further claim of right thereto. The case was tried to a jury, which returned a verdict against the defendants, finding them guilty, whereupon, after their motion for a new trial was filed and overruled, judgment was rendered by the court for the plaintiff and against the defendants. From that judgment this appeal was taken.

Upon the perfection of defendants' appeal to this court, the plaintiff filed his motion to dismiss the same, for the reason that it appeared in the record—

"that the plaintiffs in error had left the premises in controversy before the trial in the court below, and did not then and and do not now claim the possession, or the right of possession, to the premises in controversy, and that the only matters presented for determination on this

appeal are abstract and hypothetical questions, discon-
nected from the granting of any relief."

Plaintiffs in error's response to this motion does not
deny the truth of its allegations of fact, and the record
seems to bear them out.  It is a well-settled rule in this
court that it will not decide abstract and hypothetical
questions, from a decision of which no practical relief will
follow.  *Reece v. Chaney,* 28 Okla. 501, 114 Pac. 608. But
does this case present such a condition?  We think not.
The statute in force at the time the appeal was taken from
the justice court to the county court provided that, be-
fore such an appeal by a defendant in a forcible
entry and detainer case should become effective, he should
give an appeal bond, conditioned that the appellant would,
if upon further trial of the case judgment be rendered
against him —

"pay double the value of the use and occupation of the
property from the date of the undertaking until the de-
livery of the property, pursuant to the judgment."
(Comp. Laws, 1909, sec. 6396.)

The effect of the verdict in the county court and of
the judgment appealed from was to convict the defend-
ants of the wrongful possession of the premises involved
in the litigation at the time of the trial, and to fix a
liability on the defendants, on their appeal bond, to pay
double rent up to that time at least.  *Penny v. Richard-
son,* 12 Okla. 256, 71 Pac. 227.  If the judgment appealed
from was wrong and had the effect of determining de-
fendants' liability on their appeal bond, it was a judg-
ment which, on its face, affected their substantial rights,
and an appeal will not be dismissed because the primary
issue between the parties has ceased to exist, if any legal,
substantial right of one of the parties, other than the

question of costs, depends on the decision of the case. *McClelland v. Erwin*, 16 Okla. 612, 86 Pac. 283.

Had the abandonment of the premises and defendants' claim thereto occurred after the judgment complained of and before the submission of the appeal to this court, the case of *McHenry v. Gregory* (not yet officially reported) 156 Pac. 1158, relied on by the defendant in error to sustain his motion to dismiss, would be in point. That case holds that:

"Where, in an action of forcible entry and detainer a judgment for possession, without damages, was rendered for plaintiff, and defendant appeals to this court, but before final submission leaves the premises and delivers his keys to a third party, who claims to be the owner through sheriff's sale, *held*, that the only matters presented for determination are abstract and hypothetical questions, disconnected from the granting of actual relief, and therefore, will not be decided by the court."

The dismissal of the McHenry Case left the plaintiff in error with his liability on his appeal bond to be determined by his own act and the judgment appealed from, which became final on the appeal being dismissed, but the judgment appealed from in this case had the effect of fixing a liability where none in fact existed; that is, a liability resting on defendants to pay double rent on the premises from the time they abandoned them up to the date of the judgment of the county court of Tulsa county. In *McHenry v. Gregory, supra*, this court did just what the court below ought to have done in this case; that is, it ought to have dismissed the cause when it appeared at the close of the evidence in the case that the defendants had abandoned their possession of the premises, there being no issue of damages, for when that

fact appeared the county court automatically lost jurisdiction to render judgment in the case. Obert v. Zahn, 45 Okla. 219, 145 Pac. 403.

Under the condition shown by the record in the case, the judgment complained of should not have been rendered, but, having been rendered, it, on its face, at least, determined an apparent liability of the defendants on their appeal bond, given on appeal from the justice court, and, that being true, they have a substantial right to have the proceedings of the trial court reviewed by this court. The motion to dismiss should, therefore, be overruled and we so recommend.

The motion to dismiss being disposed of, we now come to a consideration of the appeal on its merits. A number of assignments are presented by the petition in error, but it does not appear that the facts argued on the motion to dismiss the appeal were brought directly to the attention of the trial court, which probably accounts for the fact that the case was not dismissed at the time of the trial, but defendants' motion for a new trial alleged that the verdict of the jury was not sustained by the evidence, and that it was contrary to the law. The petition in error sets up the same complaints as grounds for vacating the judgment, and it seems to us that the defendant in error's motion to dismiss the appeal operates as a confession of those grounds for reversal.

Obert v. Zahn, supra, was a forcible entry and detainer case pending on appeal in the district court, concerning which the following was said in the body of the opinion, which seems to have a direct bearing on this case:

"During the trial it developed, pending the cause and after issues joined, that Obert had left the country and yielded possession of the property in controversy to Zahn without any agreement as to costs. Thereupon it was contended by counsel for defendant that the court had lost jurisdiction of the subject-matter, and was without power to render judgment in favor of the plaintiff for possession and tax defendant with the costs. But the court held not so, and did both (damages being waived), to which defendant excepted, and, after motion for a new trial, filed and overruled, brings the case here. This was error."

And further down in the opinion it was said:

"We are therefore of opinion, when *pendente lite* defendant yielded possession of the property in controversy, as he did, that there was left remaining no issue to try; that the court lost jurisdiction of the subject-matter, and hence could render no judgment affecting the same, and, there being no agreement as to the costs, erred in taxing the same against defendant."

The record in this case shows that, pending the cause and before the trial in the county court, the defendants yielded possession of the property in controversy and abandoned their claim, and the defendant in error's motion to dismiss the appeal recites those facts as being true. It also appears that there was no question of damages raised by the evidence in the case.

It appearing that the case must be reversed because of the reason given above, it will be unnecessary for us to take up and consider the other assignments of error.

The judgment appealed from should be reversed and remanded to the county court of Tulsa county, with directions to dismiss the cause, and we so recommend.

By the Court: It is so ordered.