## PRICE et al. v. ASHINGER.

No. 12191—Opinion Filed Oct. 30, 1923.

Rehearing Denied Dec. 4, 1923.

### Forcible Entry and Detainer — Appeal Bond — Liability On Bond.

Where an appeal is prosecuted from a judgment of a justice of the peace in an unlawful detainer case, and the defendant gives a statutory bond for double rent and damages pending the appeal, and the defendant voluntarily dismisses his appeal before the trial of the case in the district court, held, that it was not error for the court to enter judgment on the appeal bond for double the rental of the premises from the date the appeal was taken to the day it was dismissed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County: George W. Clark, Judge.

Action by F. C. Ashinger against Seymour S. Price, Frank Miskovsky, and Chas. Socher. Judgment for plaintiff, and defendants bring error. Affirmed.

Wm. P. Harper, for plaintiff in error.

Frank Ashinger, pro se.

Opinion by MAXEY, C. This action was brought by Frank Ashinger, hereafter called plaintiff, against Seymour S. Price, Frank Miskovsky, and Chas. Socher, hereafter called defendants, on an appeal bond from the justice court in an unlawful detainer case. There was judgment for possession in the justice court, and defendants appealed and gave the statutory bond for double the value of the use and occupancy of the premises and all damages and costs that might be rendered against them upon a further trial of said cause. Some three months after the appeal was taken, the defendants dismissed the appeal, and when the case came up for trial the plaintiff dismissed the fourth paragraph of his petition which was for special damages to the premises after the appeal was taken and before the appeal was dismissed. Thereupon the defendants objected to the introduction of any testimony for the reason that the petition, with said paragraph stricken out, failed to state facts sufficient to constitute a cause of action against the defendants. This was overruled and defendants excepted. The defendants offered no testimony and the court rendered judgment against the defendants for the sum of $240, being double the rental of said premises from the time the bond was given until the case was dismissed.

The defendants filed a motion for a new trial, which was overruled by the court and judgment rendered on the verdict. Defendants prayed an appeal and obtained an extension of time to prepare and serve case-made, and in due time the case-made was served, settled, and signed, and the appeal lodged in this court seeking to reverse

the judgment so rendered. The principal error argued by plaintiffs in error is as follows: The court erred in overruling the objections of the plaintiffs in error to the introduction of any testimony after the plaintiff's fourth paragraph of the amended petition was stricken out, to which plaintiffs in error each excepted and still except. The ground of this objection, as set out in the argument, is that the defendant having dismissed his appeal, and the plaintiff having stricken out the fourth paragraph of his petition asking for special damages, that there being no claim left in the petition for damages, there was nothing before the court to pass upon, and the court was powerless to enter any judgment other than a dismissal of the case. Counsel cite three cases in support of this proposition; Henrie et al. v. Buck, 39 Kan. 381, 18 Pac. 228; Obert v. Zahn, 45 Okla. 219, 145 Pac. 405; Hampton v. Lynch, 54 Okla. 249, 153 Pac. 1119. We do not think these cases are applicable to the record in this case. The case of Henrie v. Buck, supra, was an appeal from the judgment of a justice of peace rendered in an action for forcible entry and detainer, and the undertaking given by appellant was found to be insufficient by the district court and an additional appeal bond was ordered given at once or the case to be dismissed. A new undertaking was given, which was not a statutory bond, in form, as it only covered damages from the date the bond was given until the case was retried, and did not cover damages that accrued prior to the giving of the new bond. The trial court held the new bond for the rents prior to the new bond as well as those that accrued thereafter. On appeal to this court, it was held that in an action on the undertaking the sureties on the new bond were not liable for the use and occupancy of the premises prior to the time when the new undertaking was given, and the testimony as to the rental prior to giving the new bond was inadmissible, as the new bond was only liable for the rents that accrued between the time it was given and the trial of the case. No such question arose in this case, and it will be readily seen that the facts in the two cases are different, and the Kansas case does not apply here. The defendants in this case gave a statutory appeal bond to pay double the rental of the premises if judgment should be rendered for the plaintiff on a further trial of the case. The contention that dismissing the paragraph in the petition claiming special damages for waste had the effect of ousting the court of all

jurisdiction over the case, is not, in our judgment, sound. The bond was for double the rent of the property pending the appeal and the dismissal of the appeal had no other effect than to relieve the defendant and the sureties on his bond from the payment of any rent after the dismissal of the appeal, and that is all the court allows. It would be a travesty on justice to hold that where a judgment is rendered against a party for possession of premises that he can by appealing and giving the statutory bond retain the premises an indefinite length of time and then dismiss his appeal before final judgment and avoid the payment of any rent. Such is not a proper construction of the bond nor the law covering the case, and the defendant and the sureties are liable for double the rental value of the premises, to be determined by the evidence, from the time of the appeal until the dismissal of the appeal and restoration of the premises to the plaintiff.

The case of Obert Zahn, supra, was a case where damages were waived but no provisions made for the costs, and the defendant had abandoned possession of the premises and left the country. The court held that the damages having been waived, and no provisions made for costs, that the court could not enter judgment against the defendant for costs. Quite a different case from the case under consideration.

In the case of Hampton v. Lynch, 54 Okla. 249, 153 Pac. 1119, supra, the facts show that this case was dismissed by the Supreme Court because the defendant below had dismissed his appeal and there were no damages claimed, and like the two other cases cited by counsel for plaintiffs in error is not applicable to this case. Here was a trial in a justice court for possession of certain premises, and the defendant found guilty of unlawfully withholding the possession from the plaintiff, and defendant appealed from that judgment and gave a statutory bond for double the rental value of the premises during the appeal in case judgment is rendered against defendant on a further trial. The defendant occupied the premises something like three months after he took his appeal and then dismissed his appeal. As before stated, he cannot relieve himself from payment of double the rental value of the premises during the time that he occupied them after the bond was given. We cannot conceive of any rule of law that would permit the defendant to have the use of the premises for three months and avoid payment by dismissing his appeal before the case comes to trial. Counsel for plaintiffs

in error contends that there was no damages left in the case after the plaintiff struck out the paragraph of his petition, which was for damages for waste, etc. This position is not sound. The rental value of the premises during the time the defendant kept the plaintiff out of possession was damages, as much so as the damages contained in the fourth paragraph, and the defendant and his bondsmen are liable for damages for the rental value of the premises during the time the defendant occupied them after the appeal. The judgment of the trial court is therefore correct and should be affirmed.

By the Court: It is so ordered.