Henry SNOW and Virgie Snow, husband and
wife, d/b/a Snow's Fine Appliances,
Plaintiffs in Error,

v.

Kathleen L. DIEFFENBACH, Defendant
in Error.

No. 38360.

Supreme Court of Oklahoma.

Nov. 24, 1959.

Earl K. Howe, Tulsa, for plaintiffs in error.

Sanders & McElroy, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff, Kathleen L. Dieffenbach, owner of a store building, brought an action in the Justice of the Peace Court in forcible detainer, against Henry Snow and Virgie Snow, defendants, for the possession of said building.

The Justice of the Peace Court rendered judgment for the defendants, and the plaintiff appealed to the Court of Common Pleas.

The facts as reflected by the record are that the defendants had rented this building for about seven years, at a monthly rental of $150, starting on the 7th day of the month, and the monthly rent was paid on or before the 7th day of each month. During the month of October or November, 1957, there was a conflict between the plaintiff and the defendants, and the plaintiff asked for possession and gave notice to vacate, but accepted the rent until the 1st day of January, 1958. The rent check for the month of January, 1958, for $150 and subsequent rent checks were returned by the plaintiff, and she billed the defendants for $500 per month rent.

The defendants, being unable to find a suitable place for their store, started a new building across the street, hastened construction and moved in immediately upon completion.

The plaintiff has brought a separate action in the Common Pleas Court to recover $500 per month rent beginning the 1st day

of January, 1958. We are not concerned with that action.

On the 4th day of June, 1958, the defendants filed application for an order of dismissal alleging in substance that the only relief prayed for in the action was possession. That on April 5, 1958, defendants completely vacated the premises and delivered the key to one Reta Welch at 2405 East Admiral Boulevard in Tulsa, next door to the premises here involved, and on the same day notified plaintiff's agent. That on April 7, 1958, plaintiff's agent and her counsel visited the premises and called defendants' attorney requesting that the premises be locked and the key be delivered to plaintiff's counsel. Defendants further alleged that this request was complied with on April 11, 1958.

The foregoing application for an order of dismissal was heard on June 4, 1958, The court, after hearing the evidence and stipulation of the parties, found that defendants had vacated the premises and that the action in forcible detainer had become moot and the cause should be, and was, dismissed. However, over the objection of the defendants, the court went further and held that possession of the premises was delivered to the plaintiff at the time the keys were delivered to plaintiff's attorneys on April 11, 1958. The Court further held that costs would not be assessed against either side. There was no appeal from the order as to costs and no issue presented thereon.

At the time of the above final order the plaintiff was in possession of the said building, and had been for about two months.

The defendants say in their brief that the Court acted arbitrarily, without jurisdiction and without foundation in its judgment fixing the date of surrender of premises when the same was disputed and a material fact which should have been left as one of the questions in issue as to how much rent is owing and to be collected; that the Court arbitrarily determined the time involved and leaves only one ques-

tion to the jury in the companion case for rent, that question being reasonable rent in the limits of $150 to $500 per month. They further contend that it is very clear that the intent of the plaintiffs was to have this determination made for the purpose of adding another month's rent, and thereby leaving no ground for defense on this point.

We are not concerned as to why the date was fixed as a part of the judgment, but are concerned only as to whether the Court erred in rendering the judgment fixing the date of the delivery of the possession of the property to the plaintiff when it was controverted and wholly unnecessary. There was no material issue for determination as to the exact date the possession of the property was delivered to the plaintiff that would require the rendering of a judgment so as to arrive at the conclusion that the action had become moot and should be dismissed. That possession of the property had been delivered to the plaintiff was not denied, and the exact date was immaterial for the purpose of dismissing the action. The only thing sought in the action was possession, and that is all that can be obtained by such action unless the pleadings were amended to include additional relief.

In Hampton v. Lynch, 54 Okl. 249, 153 P. 1119, in syllabus 2, we held:

"Where, pending the trial of an action of forcible entry and detainer, no question of damages being involved, it is made to appear to the court, after issue joined, that the defendants had abandoned the premises in controversy and their claim to possession thereof, held, the court was without jurisdiction to proceed further and render judgment for the plaintiff."

The cause is reversed with directions to the trial court to set aside the part of the judgment fixing the time and place of delivery of the possession of the property to the plaintiff; otherwise affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative

opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.